THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD & JOHN BURKE, LIMITED, Appellant, *v.* JAMES L. WELLS et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

TAX — FOREIGN CORPORATION DOING BUSINESS WITHIN THE STATE — WHEN BILLS RECEIVABLE FOR GOODS SOLD IN ORIGINAL PACKAGES ARE TAXABLE AS CAPITAL EMPLOYED WITHIN THIS STATE — L. 1896, CH. 908, § 7.  Bills receivable, belonging to a foreign corporation maintaining an office within the state for the sale of its products, which are imported int͡ this country and sold in the original packages, are taxable as capital employed within this state within the meaning of the Tax Law (L. 1896, ch. 908, § 7), although such bills are the proceeds of imported goods sold in the original packages, where such bills are not *in transitu*, but are actually, and in the regular and permanent course of business, held within the state until maturity for the convenience of such corporation and the proceeds, in part, then remitted to the home office in a foreign country.

*People ex rel. Burke* v. *Wells*, 107 App. Div. 15, affirmed.

(Argued February 26, 1906; decided March 13, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 22, 1905, which affirmed an order of Special Term dismissing a writ of certiorari and confirming an assessment of the relator's property for the purposes of taxation.

The facts, so far as material, are stated in the opinion.

*Edmund Wetmore* for appellant.   Under the Constitution of the United States neither the relator's imported goods in original and unbroken packages upon which duties had been paid, nor the proceeds of the sales of said goods by the importer in such packages, said proceeds being merely collected here and transmitted abroad, after deducting duties and expenses, were liable to taxation by the city of New York. (*Brown* v. *Maryland,* 12 Wheat. 419 ;  *Cook* v. *Pennsylvania,* 97 U. S. 566 ;  *Fairbanks* v. *U. S.,* 181 U. S. 283 ;  *People* v. *Maring,* 3 Keyes, 374;  *W. U. Tel. Co.* v. *Alabama,* 132 U. S. 472 ;  *Fargo* v. *Michigan,* 122 U. S. 230 ;  *P. T. C. Co.*

v. *Adams*, 155 U. S. 688 ; *P. S. S. Co.* v. *Pennsylvania*, 122
U. S. 326 ; *Weston* v. *Charles*, 2 Pet. 449.) The proceeds of
the relator's sales, consisting of cash and bills receivable,
simply collected here and transmitted abroad, did not consti-
tute capital invested in business in this state, and even if they
could be so regarded they would still be exempt from taxa-
tion. (*Parker Mills* v. *Comr. of Taxes*, 23 N. Y. 242 ;
*People ex rel. Y. P. Co.* v. *Barker*, 23 App. Div. 524 ;
*People ex rel. Nat. S. M. Co.* v. *Feitner*, N. Y. L. J. March
15, 1899 ; *People ex rel. F. & O. Co.* v. *Wells*, 42 Misc. Rep.
423.)

*John J. Delany*, *Corporation Counsel* (*George S. Coleman*
and *Curtis A. Peters*, of counsel), for respondents. The
credits and moneys of the relator constituted capital invested
in relator's business in this state and were, therefore, taxable.
(*People ex rel. Crane* v. *Feitner*, 49 App. Div. 108 ; *People
ex rel. C. M. Ins. Co.* v. *Comrs.*, 144 N. Y. 485 ; *People
ex rel. W. U. Tel. Co.* v. *Tierney*, 57 Hun, 361 ; 126 N. Y.
166 ; *People ex rel. Y. P. Co.* v. *Barker*, 23 App. Div. 524 ;
affd., 155 N. Y. 665 ; *People ex rel. A. C. Co.* v. *Barker*,
157 N. Y. 159 ; *People ex rel. F. & O. Co.* v. *Wells*, 183
N. Y. 264.) A tax imposed under section 7 of the Tax Law
upon the credits and moneys of the relator does not contra-
vene any of the provisions of the Federal Constitution.
(*City of New York* v. *McLean*, 170 N. Y. 374 ; *Waring* v.
*Mayor*, etc., 8 Wall. 110 ; *Woodruff* v. *Perham*, 8 Wall.
123 ; *Brown* v. *Houston*, 114 U. S. 621 ; *P. C. Co.* v. *Penn-
sylvania*, 141 U. S. 18 ; *P. T. C. Co.* v. *Adams*, 155 U. S.
688.)

CULLEN, Ch. J. The relator is a foreign corporation
engaged at Dublin, Ireland, in the manufacture of spirituous
and malt liquors. It has established and maintains an office
in the city of New York for the sale of its products, which
are imported into this country and sold in the original pack-
ages. The relator made application under the statute for

permission to carry on business in this state, and was granted such permission. In January, 1903, it was assessed for personal property in this state at the sum of $94,617.93 for three separate items — the value of its office furniture, $797.68; cash on hand and in bank, $6,122.63, and the remainder for bills receivable held in the city of New York.

The relator contends that so far as the last two items are concerned they do not represent capital employed in this state within the meaning of our Tax Law, and further that as they are the proceeds of sales in original packages they are not subject to taxation by the state. The first contention we will not discuss, as we deem the question settled by the recent decision of this court in *People ex rel. Furcy & Oppenheim Co.* v. *Wells* (183 N. Y. 264). As the point presented by the relator's second claim was not involved or at least not raised in the case cited, we will briefly consider it.

It is well settled that while imported goods are in the hands of the importer in the original packages they are not subject to taxation by the state, nor can any tax be imposed upon their sale by way of a license tax or percentage on the price for which they may be sold. But though no tax can be imposed either on the goods themselves or their sale, we find no authority for the proposition that the proceeds of the sales have a similar immunity from taxation. Doubtless, if the tax were imposed on the proceeds as such, and because they were derived from the sales of imported goods, it would be invalid, but if those proceeds have become part of the common mass of the property within a state, they are subject to taxation, of course without discrimination, the same as other property. In *Hibernia Savings & Loan Society* v. *City and County of San Francisco* (200 U. S. 310), the Supreme Court of the United States held that two checks on the United States treasury received by the appellant as interest upon certain registered government bonds held by it were taxable, though the bonds themselves were exempt from taxation. Justice Brewer there said: "Had the plaintiff drawn the money immediately upon these cheques it

would have become at once a part of the general property of
the bank, and the fact that the money had been derived
from the United States and paid to the bank as interest on
its obligations would not have prevented its becoming part
of the general property of the bank, and subject to state
taxation."

The real question in this case, therefore, is whether the
property on which the relator has been taxed, though belong-
ing to a non-resident, had acquired such a situs within this
state as to be subject to taxation — a question that does not
depend on the source from which the property was derived.
We assume that if a non-resident sold within this state prop-
erty which under the Federal Constitution was immune from
taxation, such as imported goods in the original packages or
government bonds, and forthwith transmitted the proceeds of
the sale without the state, the proceeds would not be subject
to local taxation simply because in the course of transmission
they happened to be physically within the state on assessment
or listing day; at least the legislature has never attempted to
subject such money or property to taxation. The question
seems to us to be substantially the same as that which has
been several times presented as to the right of the state to
tax property in course of transportation through its limits to
other states, for we see no difference in principle in this
respect between foreign and interstate commerce. "The law
on this subject, so far as it concerns interference with inter-
state commerce, is settled by several cases in this court, which
hold that property actually in transit is exempt from local
taxation, although if it be stored for an indefinite time during
such transit, at least for other than natural causes, or lack of
facilities for immediate transportation, it may be lawfully
assessed by the local authorities." (*Kelley* v. *Rhoads*, 188
U. S. 1; see *Diamond Match Co.* v. *Ontonagon*, Id. 82;
*Brown* v. *Houston*, 114 id. 622; *Pittsburg, etc., Coal Co.*
v. *Bates*, 156 id. 577.)

The evidence appearing in this record as to the exact man-
ner in which the relator carried on its business in the city of

1906.]    People ex rel. Burke *v.* Wells.    **279**

N. Y. Rep.]    Opinion of the Court, per Cullen, Ch. J.

New York is meagre, but the presumption is that the determination of the assessors was correct, and to relieve itself from the assessment it was incumbent upon the relator to clearly show that the assessment was erroneous. (*People ex rel. Westchester F. Ins. Co.* v. *Davenport*, 91 N. Y. 574.) It is true that at one point in the return to the assessors, the relator's agent states that the proceeds of the sales of the goods are at once remitted to the main office in Dublin after reserving the necessary amount for paying the expenses of the business conducted in the city of New York. But this is qualified by the subsequent statement that the amounts of the bills receivable and bank accounts are invested in the city of New York. It was not denied that the notes were physically in the state of New York, and it was admitted upon the argument that both the notes and open accounts were held in New York until maturity, there collected and after collection the proceeds remitted to Dublin. It is plain that the moneys deposited in bank, so far as they are retained for the payment of duties and expenses of the New York office are in no sense in the course of transmission abroad. The duties referred to in the statement must be duties to be paid on other goods which the relator might subsequently import or sell, not the goods which had been sold, for as we understand it, duties must be paid in advance of taking the goods out of the custom house. We cannot see that the condition of this bank deposit in any way differs from other bank deposits of non-residents, and it seems to be settled by authority that the bank deposits in this state of a non-resident are subject to taxation by the state. (*New Orleans* v. *Stempel*, 175 U. S. 309; *Blackstone* v. *Miller*, 188 id. 189.)

It is also settled that the situs for the purpose of taxation of promissory notes and similar instruments for the payment of money where the "debt is inseparable from the paper which declares and constitutes it," is the place where they are actually and physically held. (*State Tax on Foreign Held Bonds*, 15 Wall. 300; *New Orleans* v. *Stempel* and *Black-*

*stone* v. *Miller*, *supra*; *People ex rel. Westbrook* v. *Board of Trustees Vil. of Ogdensburgh*, 48 N. Y. 390.)

Therefore, unless these notes were in course of transmission to the home office of the relator in Dublin, they were properly assessed. But they were not *in transitu*; they were held here until maturity for the convenience of the relator and the proceeds in part then remitted. The case does not seem to differ in principle from one where a non-resident, equally for his convenience, deposits his securities with an agent within the state for custody and collection, and in such case it has been held that such notes and securities are subject to taxation in the state where they are on deposit. (*New Orleans* v. *Stempel, supra.*) It is also to be observed that in the case before us the retention of the notes in this state was not casual or exceptional, but in accordance with the relator's regular and permanent course of business.

We think it is not necessary to consider whether the open accounts present a different question from that involved in the notes. As already stated, it was incumbent upon the relator to distinctly point out any error committed by the assessors, and if part of the bills receivable were not subject to taxation, it should have shown what the amount of that part was.

The order appealed from should be affirmed, with costs.

HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; O'BRIEN, J., dissents.

Order affirmed.