## Commonwealth, By, et al. v. Green, et al.

(Decided October 31, 1912.)

### Appeal From Jefferson Circuit Court (Chancery Branch, First Division).

1. **Taxation—Revenue Agents—Assessment of Property Jointly Owned or Held by Agent or Fiduciary.**—When money or personal property is jointly owned by two or more persons, or is in the possession of an agent, bailee or fiduciary, and is subject to taxation, it may be assessed in a proceeding against any one or more of the joint owners, or the agent, bailee, or fiduciary, but the proceeding must be against the person in the capacity in which he could be required to pay the tax, in the event it was determined that the property was subject to taxation.

2. **Taxation—Situs of Property.**—In a proceeding by a revenue agent to assess omitted property it must appear from the petition that the property sought to be assessed is subject to assessment in the county in which the proceeding is instituted.

3. **Taxation—Requisites of Petition by Revenue Agent.**—When it is sought to assess property in the possession of an agent, the petition should distinctly charge that the property sought to be assessed was in the hands of the agent as agent and set out in a general way how and for what purpose it was in the possession of the agent, so that it may be determined whether or not the property is subject to assessment.

M. J. HOLT for appellant.

J. C. DODD for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In this action by a revenue agent the lower court sustained a motion to make the petition more specific and also a general demurrer to the petition, and the plaintiff declining to plead further the petition was dismissed, and the plaintiff prosecutes this appeal. So much of the petition, which was against John W. and D. S. Green and Post and Flagg, as it is necessary to copy in disposing of the questions presented, reads as follows:

"Plaintiff, Commonwealth of Kentucky, by Arthur E. Hopkins, duly appointed, qualified and acting Revenue Agent for the State-at-Large, states that the defendants, John W. and D. S. Green are partners doing business as brokers in stocks and bonds in the city of Louisville, Jefferson County, Kentucky, under the firm name and style of John W. and D. S. Green, and were so engaged on September 1, 1905, and at all times since said date. That the defendants, Post and Flagg, are brokers and bankers, with their principal office and place of business in New York City, and were on September 1, 1905, and at all times hereinafter stated; that the said defendants, Post and Flagg, on September 1, 1905, and at all times since said date, were doing business in Louisville, Jefferson County, Kentucky, through the firm of John W. and D. S. Green as stock and bond brokers, and the said John W. and D. S. Green were their agents in said transactions between citizens and residents of Jefferson County, Kentucky, and the State of Kentucky, and said Post and Flagg, brokers and bankers. That during all the times hereinafter stated the business of the firm of John W. and D. S. Green was to receive orders for the purchase of stocks and bonds from customers as agents for Post & Flagg, the said orders being for the purchase of the stocks and bonds outright or for the purchase of the stocks and bonds on marginal account wherein the said purchaser either paid the cash for said stocks and bonds or was to pay for same on delivery, or else bought same and the said stocks and bonds were held by the said defendants in the name of said purchaser on marginal accounts or the said defendants took bucket shop orders without actually purchasing said stocks and bonds on marginal accounts. * * * Plaintiff states that on September 1, 1905, the said defendants were the owners and in possession of the following personal property having a taxable situs in the State of Kentucky, to-wit: Cash on hand $9,500; cash on deposit in bank, including deposits in banks in the State of Kentucky and elsewhere and with Post & Flagg, brokers and bankers, C. Hudson, broker and banker, Miller and Company, brokers and bankers; Kelly Miller & Company, brokers and bankers, and other brokers and bankers in the State of New York and elsewhere, $85,000. * * * Office furniture and fix-

tures, $500.00; ticker, black-boards, appliances, etc., $500.00; safe, $100.00; all of which property was subject to assessment for taxation for State and county purposes for the years 1906, 1907, 1908, 1909, 1910 and 1911, and no part of which was assessed by said defendants or any other person for them or by any assessing officer or board for Jefferson County or the State of Kentucky for said years or any of them. That said property and all of same was wholly omitted from assessment for taxation for each of said years."

Section 4260 of the Kentucky Statutes reads in part: "The officer proposing to have the property assessed shall file in the clerk's office of the county in which the property may be liable to assessment a statement containing a description and value of the property proposed to be assessed, and the value of the corporate franchise, if any, and the name and place of the residence of the owner, his agent, or attorney, or person in possession of the property, and the year or years for which the property is proposed to be assessed."

Under the statute money or personal property jointly owned by two or more persons and subject to taxation in the State may be assessed in a proceeding against any one or more of the joint owners, and money or property in the possession of an agent, bailee or fiduciary, that is subject to taxation in the State, may be assessed in a proceeding against the agent, bailee or fiduciary. But the proceeding instituted by the revenue agent must be against the person in the capacity in which he could be required to pay the tax in the event it was determined that the property charged to have been omitted was subject to taxation.

In a proceeding against "A" individually, property in the possession of "A" as agent or trustee or in any fiduciary capacity, could not be assessed for taxation because "A" as an individual could not be required to pay the taxes, if any due on it, and so in a proceeding against "A" as agent or trustee or other fiduciary capacity, property owned by him individually could not be assessed. In other words, the proceeding must be against the person in the capacity in which he can be compelled to pay taxes on the property, if it is adjudged to have been omitted. It must further appear from the petition that the property sought to be assessed is sub-

ject to assessment in the county in which the proceeding is instituted.

Tested by these rules the petition was indefinite, as well as insufficient, and the court properly sustained the motion to make it more specific, and also the general demurrer. We gather from brief of counsel for appellant that the proceeding was instituted upon the theory that the Greens had in their possession, as agents of Post & Flagg, the property sought to be assessed, and if we are correct about this, the petition should have distinctly charged that the Greens were in the possession of the property as the agents of Post & Flagg. If, however, the petition intended to charge that Green & Green and Post & Flagg owned jointly the property sought to be assessed, then the petition should have so averred. Looked at from either standpoint the petition is too indefinite.

It is also insufficient on demurrer because it fails to specifically aver that the property sought to be assessed was subject to assessment in Jefferson County. The averment as to the situs of the property is that "the said defendants were the owners and in possession of the following personal property, having a taxable situs in the State of Kentucky." All of this property might have had a taxable situs in the State of Kentucky and no part of it had a taxable situs in Jefferson County.

It is insufficient for another reason. Assuming that it was sought to assess it on the ground that Green & Green were in possession of the property as the agents of Post & Flagg, the petition should have set out in a general way facts showing how the property was held by the local agents for the non-resident principals and why it was subject to assessment and taxation in this State. It does not necessarily follow that property owned by a non-resident principal, in the possession of a resident agent, at taxing periods is subject to assessment or taxation in this State. Whether it is or not depends upon how and for what purpose it is in the possession of the agent. When it is attempted to assess property in the possession of a person who is not the real owner of it but who is merely holding it as agent of bailee or in some fiduciary capacity, the petition or statement should set out in a general way facts showing the liability of the agent or bailee or fiduciary for tax on the property. Wherefore the judgment is affirmed.