## Commonwealth, By, et al. v. Tabbs Storage Warehouse and Freight Transfer Line.

(Decided November 8, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Taxation—Assessment of Omitted Property—Proceeding by Revenue Agent Against Warehouseman—Indefiniteness of Statement—Dismissal of Action—Omission of Name of Owner.—In a proceeding by a revenue agent to assess as omitted property certain property in the hands of a warehouseman, it was not error for the circuit court to require the statement to be amended by giving the names of the owners of the property in the possession of the warehouseman, and as the revenue agent refused to amend the statement, the proceeding was properly dismissed.

2. Same.—Under section 4020 Ky. Statutes, such property is subject to assessment for taxation, if it has not been listed nor the taxes paid, but by the provisions of 4060 Ky. Statutes, the statement containing the description and value of the property proposed to be assessed must give the name and place of residence of the owner, his agent, or attorney.

3. Same.—It is only property omitted from taxation by the owner or person charged with the duty of listing it, that the revenue

agent may cause to be listed and taxed. And unless the state-
ment contains the names of the owners of the property it cannot
be identified as property omitted from taxation, for it is essen-
tial to know the names of the owners in order for the court to
ascertain whether or not the property has been listed and taxed,
and if the names of the owners are not given, a cause of action
is not stated.

M. J. HOLT for appellants.

GEO. CARY TABB and RAY MANN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action, in the name of the Commonwealth, by
A. E. Hopkins, revenue agent, was brought under sec-
tion 4260, Kentucky Statutes, against the appellee,
Tabbs Storage Warehouse and Freight Transfer Line,
in the Jefferson County Court, to compel the listing for
taxation of certain property, not listed or taxed, as al-
leged in or for the years 1906, 1907, 1908, 1909 and 1910,
and further alleged to have been in its possession as
warehouseman, on the assessing date of each of those
years.

Upon a hearing in the county court, judgment was
rendered against appellee, assessing it for each of the
years named, "with property held by it as warehouse-
man and in its possession, on which State and county
taxes had not been paid, consisting of eggs, seed po-
tatoes, paper, chickle, groceries, dry goods, cotton, to-
bacco, hardware, feed and machinery of the fair cash
value of $22,000." From that judgment appellee prose-
cuted an appeal to the Jefferson Circuit Court, Chan-
cery Branch, Second Division, and in that court renewed
a motion it had previously made in the county court, but
which had there been overruled, to require appellant to
make more definite its statement as to the property ap-
pellee was alleged to have had in possession as ware-
houseman and failed to list for the years 1906 to 1910,
inclusive, both as to kind, quantity and value, and give
the names of the several owners thereof.

The motion was sustained and appellant thereupon
filed the following amended statement:

"Now comes the plaintiff, Commonwealth of Ken-
tucky, By, &c., and for amendment to its original state-
ment heretofore filed and in order to make same more
specific, definite and certain, and conforming to the opin-

ion of the court rendered herein on April 1, 1911, states that on September 1, 1905, September 1, 1906; September 1, 1907; September 1, 1908; September 1, 1909, the defendant as warehouseman was in possession of the following personal property, to-wit: 500 cases of eggs of the fair cash value of $2,000; barrels, boxes, cases and packages of seed of the fair cash value of $5,000; 1,000 barrels of potatoes of the fair cash value of $1,200; paper of the fair cash value of $5,000; chickle of the fair cash value of $10,000; groceries of the fair cash value of $10,000; dry goods of the fair cash value of $12,000; cotton of the fair cash value of $5,000; tobacco in cases and hogsheads of the fair cash value of $8,000; hardware in cases, kegs and packages of the fair cash value of $5,-000; feedstuffs, feed and grain of the fair cash value of $7,000; hay of the fair cash calue of $1,000; machinery of the fair cash value of $12,000; liquors of the fair cash value (barrel and case goods) of $5,000. All of which property of the fair cash value above stated, was subject to assessment for taxation for State and county taxes for the years 1906, 1907, 1908, 1909, 1910; and no part of which was assessed by said defendant, or by any other person for it, or by any assessing officer or court of Jefferson County, or the State of Kentucky for said years or any of them. That all of said property so held by it as warehouseman was subject to assessment for taxation, it being the owner, or bailee in possession; and that said property was wholly omitted from assessment for taxation for each of said years."

After the filing of the amended statement appellee objected to it upon the ground that it was still insufficient, and insisted that appellant be compelled to comply with its motion requiring it to specifically state to whom the articles and goods mentioned, in the amended statement, belonged. Thereupon the court ordered appellant to give the names of such owners of the property, and it having failed to do so, judgment was entered dismissing the action. Appellant's dissatisfaction with that judgment led to this appeal.

Under section 4020, Kentucky Statutes, there can be no doubt of the liability to assessment for taxation of such property as is described in the statement in this case, if it was not, in fact, listed nor the tax thereon paid by the owners. Section 4023, Kentucky Statutes, provides:

"The holder of the legal title and the holder of the equitable title, and the claimant or *bailee in possession* of the property on the first day of September of the year the assessment is made *shall be liable* for taxes thereon; but as between themselves it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon." * * * *

But section 4060, Kentucky Statutes, provides in part:

"The officer proposing to have the property assessed shall file in the clerk's office of the county in which the property may be liable to assessment a statement containing a description and value of the property proposed to be assessed, and the value of the corporate franchise, if any, and the name and place of the residence of the owner, his agent, or attorney, or person in possession of the property, and the year or years for which the property is proposed to be taxed."

In Commonwealth v. Glover, 132 Ky., 58, we held that the provisions of the above statute were mandatory, and on that subject, in part, said:

"In this class of cases it has been invariably held that the ends of the law are satisfied only by compliance with the provisions of the statute. We see no reason for not applying this principle to the statute under consideration. As above stated, this statute is a full, perfect and complete law of the subject with which it deals, and directs in detail each of the successive steps that must be taken by the officers of the State in order to list omitted property and collect the taxes that may be found to be due thereon. In the discharge of his duties as set forth in this statute, the revenue agent, acts in a purely ministerial capacity. His duties are to discover such property of the taxpayer as he has failed to list and set forth the result of his discovery in a 'statement' which he files with the county judge, and, so far as he is concerned, his duties are then at an end, except that in proper time he is expected to produce in court the evidence by which the delinquent property holder is to be shown to be the owner of the property sought to be listed. * * * Now, if the agent is not able to describe the property, his information in regard thereto must be very meagre, and such information is, in the language of the statute, too meagre to authorize even a default judgment. This statutory provision is not directory as suggested by the appellant, but it is manda-

tory and was enacted to subserve a most useful purpose, and, while there is much reason in the argument of appellant that the 'statement' should not be required to be more explicit than the schedule which the taxpayer is required to make out for the assessor, we are of opinion that this is a matter which properly addresses itself to the legislative department of the government and that neither revenue agents nor courts may properly concern themselves with either the wisdom or policy of the statute. So long as the language of the statute is plain and unambiguous it is not subject to interpretation nor open to construction and must be accepted and enforced as it is written.''

It is not to be overlooked that the avowed object of this proceeding is to list and subject to taxation, property, which the owners, not the bailee, omitted to list for taxation; and while the omitted property may be taxed in the hands of the bailee in possession, in order to do so it must be shown with reasonable certainty that it was not listed or the tax thereon paid by the owner. If it be conceded that the statement in this case is sufficiently definite as to the character, quantity and value of the property sought to be listed and taxed, it is manifestly not so, as to the ownership of the property.

In its capacity as warehouseman, holding, as it does for the purposes of its business, property of many kinds owned by hundreds or thousands of persons, how could appellee ascertain from such a statement as was filed by the revenue agent in this case, whether any of the property therein described had or had not been listed and taxed in the hands of the owner? On the other hand, if the names of the owners or bailors of the property were furnished by the statement, appellee or the revenue agent, could ascertain from such owners or bailors whether the property had been listed and taxed for the years described or any of them; moreover, such owners or bailors could be summoned and made to testify in court and thereby disclose the true facts.

If appellee or the owners of the property could show that it was listed and the taxes paid by the latter for the years mentioned in the statement, the statute will not permit it to be listed and taxed for the same years in the hands of the appellee. It is only property omitted from taxation by the owner or person charged with the duty of listing it, that the revenue agent may cause to be listed and taxed.

The statement fails to show any effort on the part of the revenue agent to discover the names of the owners of the property sought to be listed and taxed in appellee's hands, or even that the names of such owners were unkonwn to him. We do not understand how it is that the revenue agent could have ascertained that appellee had in its possession as warehouseman, property of the kind, quantity and value claimed to be owned by others, and which had not been listed for taxation, without at the same time ascertaining the names of the owners; the source of information as to each matter being the same; and if the facts coming to the possession of the revenue agent disclosed the agency of appellee with respect to the property sought to be listed and taxed, it must certainly have disclosed the names of the latter's principals, namely, the owners of the property.

In Commonwealth, By, &c. v. J. W. Green, &c., 150 Ky., 339, which was a proceeding under section 4260, Kentucky Statutes, to compel the listing of property held by the agent for his principal, we, in the opinion, said:

"But a proceeding instituted by a revenue agent must be against a person in the capacity in which he could be required to pay the taxes, in the event it was determined that the property charged to have been omitted was subject to taxation. In a proceeding against A. individually, property in the possession of A. as agent or trustee, or in any fiduciary capacity, could not be assessed for taxation, because A. as an individual could not be required to pay the taxes, if any due on it; and so in a proceeding against A. as agent or trustee or other fiduciary capacity, property owned by him individually, could not be assessed. In other words, the proceeding must be against the person in the capacity in which he can be compelled to pay the taxes on the property, if it is adjudged to have been omitted. It must further appear from the petition that the property sought to be assessed as subject to assessment, is subject to assessment in the county in which the proceeding is instituted. Tested by these rulings the petition is indefinite as well as insufficient, and the court properly sustained the motion to make it more specific and also the general demurrer."

In Commonwealth v. J. M. Robinson, Norton & Company, 146 Ky., 218, also a proceeding by the revenue agent in the name of the Commonwealth, to list for tax-

ation, various kinds of personal property, including accounts, alleged to be owned by the defendant corporation, and which, it was claimed, it had failed to list and pay taxes on, the circuit court required the revenue agent to amend the statement describing the omitted property by setting out the names of the persons owing the accounts it was charged the corporation had failed to list. On the appeal we held that this ruling of the circuit court was proper. In the opinion, after referring to the rule announced in the excerpt quoted above from Commonwealth v. Glover, supra, we said:

"Adopting the principles announced in this opinion, which we approve as a fair interpretation of the statute, and applying them to the facts of the case before us, it is manifest that the statement filed by the revenue agent did not conform to the requirements of the statute. It is plain that the statement that the 'fair cash value of the accounts of said defendant company on September 1, 1909, for the year 1910, was $1,373,000, and that this amount was omitted from assessment except as to $72,000,' is as general and indefinite a statement as could well be made. It shows upon its face that the revenue agent did not know what accounts were omitted or their value, and that he was, as said in the Glover case, 'simply pursuing the drag net policy which the Legislature sought to condemn by the enactment of the very law under which he was proceeding.' If statements like this should be treated as containing, 'such a description of the property sought to be assessed as will enable the court to identify it,' then the purpose of the Legislature in amending the law would be entirely defeated, and revenue agents would be left at liberty to subject to trouble and expense every taxpayer in the State. No merchant or business man, or owner of property of any kind, however fair his assessment might be, would be safe from proceedings that might be instituted by them. * * * When it is sought to assess accounts, notes, bonds, stocks or any other like species of property, it is necessary that the statement should so describe each particular item sought to be assessed as will in the language of the statute, 'enable the court to identify it,' or, in other words, to fix the value of it. If a merchant has one hundred accounts due him in sums of from $100 to $1,000, some of these accounts might be worthless, others might be worth 50 cents on the $1, and yet others might be worth their face value; and it was intended by

the statute that the statement should state each particular account sought to be assessed giving the name of the person owing the account, and the amount thereof, so that the court might be able under the evidence to put a value on it. It is apparent that if the accounts were not thus described, the court could not with any degree of certainty or indeed at all, determine what their value for assessment was. We, therefore, conclude that the lower court correctly required the revenue agent to make the statement more specific.''

If it is necessary that the statement filed by the revenue agent in a proceeding to compel the listing of accounts by the owner, should give the names of the persons owing them, a like or greater reason exists for requiring such a statement in a proceeding to list personal property in the hands of a bailee, belonging to others, to disclose the names of the owners. In other words, unless the statement contains the names of the owners of the property it cannot be identified as property omitted from taxation for it is essential to know the names of the owners in order for the court to ascertain whether or not the property has been listed and taxed, therefore, if the names of the owners are not given a cause of action is not stated.

In our opinion the ruling of the circuit court in requiring the revenue agent to further amend the statement by giving the names of the owners of the property in appellee's possession as warehouseman, was not error; and as that officer refused to amend the statement as indicated the Commonwealth cannot complain that the court dismissed the proceeding. It is insisted for appellant that as the appeal to the circuit court was from a judgment of the county court, which that court had without right modified, after its rendition, the circuit court erred in overruling its motion to dismiss the appeal. This contention cannot be sustained. The modification complained of made no change in the amount recovered by the Commonwealth in the county court. It only went to the extent of striking out the statement therein made that the case was heard on ''exhibits and proof,'' and added a statement showing that the property listed by the judgment and declared subject to taxation, was listed as being in appellee's possession as warehouseman. These changes merely made the judgment conform to the facts without materially affecting the result and were made, as we gather from

the record, at the same term of the court at which the original judgment was rendered, and we think there can be no doubt of the power of the county court to modify its judgment, as was done in this case.

Judgment affirmed.