## STATE v. PITTSBURGH PLATE GLASS COMPANY.[1]

December 10, 1920.

No. 22,050.

**Taxation—imposition of tax on personal property.**

1. The laws of this state impose taxation upon all unexempt personal property in the state. The statute may tax all property having a situs within its territorial jurisdiction.

**Same — situs of money and credits.**

2. Money and credits, while for some purposes following the person of the owner, may acquire a fixed situs elsewhere.

**Money and credits of branch of foreign mercantile company.**

3. Money and credits of an established branch of a foreign mercantile corporation, have a situs and are taxable where the branch is located.

In proceedings in the district court for Hennepin county to collect

[1]Reported in 180 N. W. 108.

delinquent personal taxes, for the year 1918, defendant corporation filed its answer and alleged that it had no moneys within the state of Minnesota on May 1, 1918, and that there were no debts, demands, credits or obligations of the company on that date the situs of which was in the state of Minnesota; that it sold and made deliveries of merchandise in Minneapolis to customers in Minnesota, North and South Dakota, Iowa, Wisconsin, Montana and other states throughout the northwest, and that the goods were shipped either from its warehouse in Minneapolis or from Pittsburgh; that the moneys collected on such sales were deposited in the Northwestern National Bank of Minneapolis and were subject only to check drawn at the home office and signed by its treasurer. The matter was heard by Bardwell, J., who made findings and as conclusions of law found that the situs of the credits sought to be taxed was at defendant's place of business in the city of Minneapolis and ordered judgment in favor of plaintiff for $599.56. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Robert M. Works* and *Harold W. Cox,* for appellant.

*Floyd B. Olson,* County Attorney, and *Frank J. Williams,* Assistant County Attorney, for respondent.

HALLAM, J.

Defendant is a Pennsylvania corporation engaged in the manufacture and sale of glass products with its principal place of business at Pittsburgh. It maintains at Minneapolis, Minnesota, a branch office under the management of a local agent. A large stock of goods is carried there which is replenished from time to time from Pittsburgh and other factories. The Minneapolis manager employs salesmen, who travel throughout several northwestern states. Orders taken by them are sent to Minneapolis for acceptance, and, as a rule, are filled from stock carried there. Occasionally they are filled by deliveries made from Pittsburgh and other factories. On many of these sales, from 30 to 60 days' credit is extended, and terms of sale and extensions of credit are controlled by the Minneapolis manager. The accounts are carried at the Minneapolis office and all collections thereon are made by that office.

A daily report of cash receipts is forwarded to the Pittsburgh office and a monthly report is forwarded of sales made, credits extended and money collected during the previous month. Accounts for goods sold on credit are carried on the books of the Pittsburgh office as bills or accounts receivable. All cash received from sales or collections at the Minneapolis office is deposited in a Minneapolis bank to the credit of the Pittsburgh office, and is subject to withdrawal, only by the treasurer of the company at Pittsburgh. No part of the money so collected and deposited is used in the operation of the Minneapolis branch. The expense of operating this branch is met by advancements by the home office to an account known as a contingent account carried in a bank at Minneapolis. The money in this account is subject to check of the local manager.

The bills and accounts receivable, reported by the Minneapolis office to the Pittsburgh office, are taxed by the state of Pennsylvania as moneys and credits situate in that state.

On the first day of May, 1918, there were assessed to the defendant in Minneapolis, Minnesota, moneys and credits of the value of $181,685, on which a tax was assessed, amounting to $599.56. Defendant contests this tax. The trial court found for the state and defendant appeals.

1. The laws of this state impose taxation upon all personal property in the state, except such as is exempted by law from taxation. G. S. 1913, § 1969; State v. McPhail, 124 Minn. 398, 145 N. W. 108, 50 L.R.A.(N.S.) 255, Ann. Cas. 1915C, 538. The sole question on this appeal is whether the state of Minnesota has jurisdiction to impose any tax upon these moneys and credits, belonging, as they do, to a corporation domiciled in the state of Pennsylvania. The parties have drawn no distinction between moneys and credits, and for purposes of this case we are content to follow the same course.

The power of taxation is coextensive with sovereignty. The state has no power to tax persons and things not within its territorial jurisdiction. It must have jurisdiction over the person or the property of the owner. State v. Scottish-Am. Mort. Co. 76 Minn. 155, 78 N. W. 962, 1117. It may tax all property having a situs within its territorial jurisdiction.

2. It was once considered that, under the doctrine mobilia sequuntur

personam, all personal property had its situs at the domicile of the owner, regardless of where it was in fact situated. This old rule grew up in the Middle Ages, when movable property consisted chiefly of gold and jewels which could be easily carried by the owner from place to place, or secreted in spots known only to himself. In modern times, since the great increase in amount and variety of personal property not immediately connected with the person of the owner, that rule has yielded more and more to the lex situs, the law of the place where the property is kept and used.

The rule has long since been settled that tangible personal property acquires a situs at the place where it is permanently located and that a state has jurisdiction to tax tangible personal property having a fixed situs within its limits although belonging to a nonresident of the state. State v. William Deering & Co. 56 Minn. 24, 57 N. W. 313; Union Refrigerator Transit Co. v. Kentucky, 199 U. S. 194, 26 Sup. Ct. 36, 50 L. ed. 150, 4 Ann. Cas. 493. That it may be so taxed results from the doctrine that taxation and protection are reciprocal and that all persons who receive and are entitled to protection may be called upon to render an equivalent. Commonwealth v. American Dredging Co. 122 Pa. 386, 15 Atl. 443, 1 L.R.A. 237, 9 Am. St. 116; Catlin v. Hull, 21 Vt. 152.

It is well settled now, also, that moneys and credits, while for some purposes following the person of the owner, may acquire a situs in a state other than the residence of the owner. In re Jefferson, 35 Minn. 215, 28 N. W. 256; Bristol v. Washington County, 177 U. S. 133, 20 Sup. Ct. 585, 44 L. ed. 701.

3. The real question in this case is: Had the moneys and credits taxed by the state of Minnesota, acquired a situs in this state? We think the trial court was right in holding that they had. They arose out of a business established in this state, and, for the most part, were the proceeds of tangible property which had acquired a situs here. The business and transactions which gave rise to them, were subject to the control and direction of agents located here. The fact is that the moneys and credits arising from the business conducted at the Minneapolis office are distinctly part of the business of defendant's Minnesota branch. We think they should be held to have a situs here, as certainly as the tangible property used herein serving the same business purpose.

This rule is in harmony with the authorities.

In Petition of Standard Oil Co. 147 Minn. 141, 179 N. W. 482, it was held that moneys and credits arising from the business of one of the petitioner's local selling stations should be considered part of the localized business conducted at the local station and as having a taxable situs there.

Marshall Hardware Co. v. Multnomah County, 58 Ore. 469, 115 Pac. 150, and Armour Packing Co. v. Clark, 124 Ga. 369, 52 S. E. 145, are quite similar in their facts to the case at bar, and in both cases, local taxation was sustained.

In People v. Wells, 184 N. Y. 275, 77 N. E. 19, it was held that bills receivable, belonging to a Dublin corporation maintaining an office in New York for the sale of its products, are taxable in New York, where such bills are actually held in New York until maturity and the proceeds when collected are remitted to the home office in Dublin.

In Liverpool & London & Globe Ins. Co. v. Board of Orleans Assessors, 221 U. S. 346, 31 Sup. Ct. 550, 55 L. ed. 762, 7 L.R.A. 1915C, 903, it was held that the state of Louisiana might tax amounts due to a foreign insurance company from its policyholders in the state on account of business done in the state, even though such indebtedness is not evidenced by written instruments.

The fact that the same moneys and credits are taxed in Pennsylvania, does not prevent their taxation here. If they have acquired a situs here, they may be taxed in both states. State v. William Deering & Co. 56 Minn. 24, 57 N. W. 313; Fidelity & Columbia Trust Co. v. City of Louisville, 245 U. S. 54, 38 Sup. Ct. 40, 62 L. ed. 145, L.R.A. 1918C, 124.

Judgment affirmed.