This case presents the same general questions as are involved in the case of the Broadway National Bank. My opinion in that case examines the question fully, and I refer to it as expressive of my views of this case. I have there endeavored to show that a congressional declaration of exemption is of no effect; that it is the Constitution and not the law which gives the exemption.
I have endeavored, also, to show that certificates of indebtedness are not within the spirit of any of the decisions exempting public loans from taxation. Upon the same principles, I am of the opinion that legal tender notes are not exempt from State taxation; that they are not loans to the United States, and that there is no declaration of congress requiring their exemption. They are in no sense loans or the representatives of loans. They are currency, the medium by which purchases are made or debts are paid, involving no idea of borrowing or lending.
If A buys of B a house or a horse, and pays him the price thereof in bank-notes, is there any view in which A can thereby be made a borrower of B? The government occupies simply the position of a payer or of a purchaser with reference to these notes. Legal tender notes are money, expressly declared to be "lawful money and a legal tender in payment of all debts, public and private," except duties on imports, and are to be "reissued, from time to time, as the exigencies of the public interest shall require." They are, to all intents and purposes, "money" in the hands of banks and individuals. They are neither loans to the government, nor are they its instrumentalities necessary for carrying on its affairs. After they are issued by the government, *Page 22 
they are the circulating medium of the country, used by individuals in and for the ordinary transaction of their affairs, as private property, and with no reference to the wants or the conveniences of the government. The government issues eagles, half-eagles and dollars, as well as legal tender notes, and for the same purposes. It is indispensable to the carrying on the affairs of government that it should possess the power to coin and to issue this money; but no one will contend that it is exempt from taxation after it has reached the hands of individuals, or that, when it has entered into the circulation of the country, it is to be regarded as an agency of the federal government. The principle is the same, as to the paper money issued by it.
Nothing can be more unreasonable or impracticable than the idea of exempting money thus in circulation from State or municipal taxation.
Nor do I find any express declaration of congress that these legal tender notes shall be exempt from taxation.
In giving an interpretation to the language of these acts, it is to be borne in mind that there are many kinds of obligations to which the language may be applied.
There are coupon and registered bonds, authorized by numerous acts. There are treasury notes, payable three years from date, bearing an interest of seven and three-tenths per centum per annum, and treasury notes not bearing interest, but payable on demand at the assistant treasurer's office in New York, Boston, or Philadelphia (not being legal tenders), and treasury notes payable in one year, bearing an interest of three and sixty-five hundredths per centum, and certificates of indebtedness and compound interest notes payable with six per cent interest. We thus have bonds or stocks, technically so called, certificates of indebtedness, treasury notes at different times and different rates of interest, and United States demand notes, in addition to legal tenders. In various acts, passed since 1862, authorizing the issue of bonds, it is expressly declared that the bonds shall be exempt from taxation. So, when treasury notes are authorized, they are expressly declared to be so exempt; but in the act authorizing *Page 23 
the issue of legal tender notes (February 25, 1862), the words do not seem to be intended to embrace their exemption. The first section of the act authorized the issue of $150,000,000 of treasury notes of a denomination of not less than five dollars each, which it declared should be legal tender in payment of debts, and should in substance be the money of the United States. If these notes had been intended to be exempted, the section in which they were authorized would have been the natural place in which to look for the declaration to that effect. We do not find it there. The next section authorizes the emission of $500,000,000 of six per cent bonds, for the avowed purpose of funding the treasury notes and floating debt of the United States. These bonds the secretary is authorized to dispose of at their market value; and, in the same sentence, delayed only by a semicolon, is the statement that all stocks, bonds and other securities of the United States, shall be exempt from taxation. I think the fair construction of this exemption would limit it to the bonds and stocks in that section referred to, or, at the most, that the "other securities" intended to embrace other like securities, or other bonds and stocks by other acts authorized to be issued. This view is strengthened by the fact that in all the other acts, as I have before stated, the notes intended to be exempted are referred to and exempt by name.
The same construction may be given to the act of June 30, 1864, which is the only other act containing general words of exemption. By that act the secretary was authorized to borrow $400,000,000 upon the credit of the United States, and to issue bonds therefor, and to issue $200,000,000 of treasury notes, both of said securities bearing interest and payable at a future day; and it was enacted that "all bonds, treasury notes, and other obligations of the United States, shall be exempt from taxation." This also, in my judgment, should be limited to the subject-matter of the act, to wit, bonds and treasury notes, or, at the most, to the other bonds and treasury notes of the various kinds I have mentioned, which might be deemed "other obligations" of a like character. If it had been intended to exempt legal *Page 24 
tender notes, apt words to describe them would have been used, or the notes in the act referred to would have been specified. It is inconceivable that congress should have continued to repeat and reiterate this exemption on six different occasions, if the acts of February 25, 1862, and of June 30, 1864, were intended to embrace all the securities or obligations of the United States in all imaginable forms.
In my opinion such legal tender notes are not exempt from State taxation. There may be a distinction as to the statutory declaration in reference to the small quantity of notes issued under the act of March, 1863. The language is there more specific than in the act of February, 1862. It does not appear that any of the notes in question were issued under that act. It would not affect the general principle of non-exemption which I have discussed if it had so appeared.
The judgment of the General Term should be affirmed.
Affirmed. *Page 25