HIBERNIA SAVINGS & LOAN SOCIETY *v.* SAN FRAN–
CISCO.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 154.   Submitted December 14, 1905.—Decided January 29, 1906.

The principle that the States cannot tax official agencies of the Federal
Government does not apply to obligations such as checks and warrants
available for immediate use.  A tax upon them is virtually a tax upon
the money which can be drawn upon their presentation.

THIS was an action by the plaintiff in error, begun in the
state Superior Court to recover certain taxes paid under protest
upon two checks or orders for $120,000 and $1,875, respec-
tively, signed by the Treasurer of the United States and ad-
dressed to the Treasurer or an Assistant Treasurer of the
United States, for interest accrued upon certain registered
bonds of the United States, owned by the plaintiff.   These
checks were issued in compliance with Rev. Stat. § 3698,
which requires that " the Secretary of the Treasury shall cause
to be paid, out of any money in the Treasury not otherwise
appropriated, any interest falling due, or accruing, on any
portion of the public debt authorized by law."   The checks,

which were payable at the United States Treasury at San Francisco at any time within four months from their date, were not presented immediately for payment, but were withheld by the plaintiff until the first Monday in March, 1899, the day when the *status* of property, for the purpose of taxation, is determined. Plaintiff did not list these checks for assessment; but the assessor, in making up his roll for the ensuing year, included them, and, after a fruitless effort to be relieved from the assessment, plaintiff paid the amount of the tax and brought this suit to recover it back. There were claims for other taxes included in the action, upon which plaintiff was successful, but in respect to the tax upon the two orders above mentioned judgment went for the defendant, which was affirmed by the Supreme Court. 139 California, 205.

*Mr. T. C. Van Ness* for plaintiff in error:

The obligation referred to is simply a check or order drawn by the Treasurer of the United States upon the Federal Treasury, in favor of plaintiff in error, for a designated amount. It shows the purpose for which it is issued, and the time and place of payment.

All property in the State, not exempt under the laws of the United States, shall be taxed in proportion to its value. Const. of California, art. XIII, § 1. All stocks, bonds, treasury notes, and other obligations of the United States shall be exempt from taxation by or under state, or municipal or local authority. Rev. Stat. § 3701.

That this check is an obligation see Webster's Dict.; Civ. Code California, § 1427.

If the Treasury Department had not issued this order, the obligation of the Government to meet the interest upon its bonds would not have been changed; nor could the property right of plaintiff in this, as yet, uncollected interest be made the subject of taxation by state authority. *Bank of Kentucky* v. *Commonwealth*, 9 Kentucky Law Rep. 46.

As a general rule the tendency of the decisions of this court upon analogous questions is to sustain the exemption of all Federal obligations from municipal taxation. *McCulloch v. Maryland,* 4 Wheat. 314; *Howard Sav. Inst.* v. *Newark,* 44 Atl. Rep. 654; *Society of Savings* v. *Coite,* 6 Wall. 594; *New York* v. *Connolly,* 7 Wall. 16; *Osborn* v. *Bank of U. S.,* 9 Wheat. 738; *Bank of Commerce* v. *New York,* 2 Black, 620; *New Jersey* v. *Wilson,* 7 Cranch, 164. And as to treasury notes see *People ex rel.* v. *Supervisors,* 7 Wall. 26, which was decided prior to the act of Congress of 1894, subjecting such notes to the taxing power of the States.    2 Supp. Rev. Stat. 236.

*Mr. Percy V. Long* and *Mr. William I. Brobeck* for defendant in error:

The decision of this cause reduces itself to a determining whether the tax imposed upon the checks issued by the United States Treasurer in payment of interest due upon United States bonds did impede, retard, burden, or in any manner control the operations of the Federal Government in the exercise of its constitutional power to borrow money or otherwise employ the National credit. If this question can be answered in the negative, the judgment must stand.

The checks have been issued, payable *in præsenti* and drawn against unappropriated revenues which were at the time of issue and must always be sufficient to meet such drafts. Under such conditions the check constitutes payment in and of itself. It is equivalent to cash. *People v. Stockton and Visalia R. R.,* 45 California, 306; *Matter of Staten Island &c. R. R. Co.,* 37 Hun, 422; *S. C.,* 101 N. Y. 636; *S. C.,* 38 Hun, 382; *Metropolitan Bank v. Sirret,* 97 N. Y. 320; *Wells v. Brigham,* 6 Cush. (Mass.) 6; *Cruger* v. *Armstrong,* 3 Johns. Cas. (N. Y.) 5; *Nords* v. *Schroeder,* 4 Harris and J. (Md.) 276; *Wis. Cent. R. R. Co.* v. *Price,* 133 U. S. 496.

One who has the right to property, and is not excluded from its enjoyment, shall not be permitted to use the legal title of the Government to avoid his just share of taxation. *Northern*

*Pacific R. R.* v. *Patterson*, 154 U. S. 139; *Mitchell* v. *Commissioners*, 91 U. S. 206; *Shotwell* v. *Moore*, 129 U. S. 590, 596. And see *Bank* v. *Commonwealth*, 9 Wall. 353.

MR. JUSTICE BROWN, after making the foregoing statement, delivered the opinion of the court.

This case involves the question whether the two checks or orders upon which the tax was imposed are exempt from state taxation under Rev. Stat. § 3701, declaring that "all stocks, bonds, treasury notes, and other obligations of the United States, shall be exempt from taxation by or under state or municipal or local authority." The basis of this exemption is the fact that a tax upon the obligations of the United States is virtually a tax upon the credit of the Government, and upon its power to raise money for the purpose of carrying on its civil and military operations. The efficiency of the Government service cannot be impaired by a taxation of the agencies which it employs for such service, and, as one of the most valuable and best known of these agencies is the borrowing of money, a tax which diminishes in the slightest degree the value of the obligations issued by the Government for that purpose impairs *pro tanto* their market value.

The inability of the States to tax the official agencies of the Federal Government, whether in the form of banks chartered under its authority, or of obligations issued by it as a means of providing a revenue, or for the payment of its debts, was applied in *McCulloch* v. *Maryland*, 4 Wheat. 316, to a stamp tax upon notes of the United States Bank; in *Weston* v. *Charleston*, 2 Pet. 449, and in *Bank of Commerce* v. *New York*, 2 Black, 620, to stock issued for loans made to the Government of the United States; and in the *Bank Tax Case*, 2 Wall. 200, to a tax laid on banks on a valuation equal to the amount of their capital stock, when their property consisted of stocks of the Federal Government; in *The Banks* v. *The Mayor*, 7 Wall. 16, to certificates of indebtedness of the United States issued to

the creditors of the Goverment for supplies furnished in carrying on the Civil War; in *Bank* v. *Supervisors,* 7 Wall. 26, to notes of the United States intended to circulate as money; and in *Van Brocklin* v. *Tennessee,* 117 U. S. 151, to land purchased by the United States for the amount of a direct tax laid thereon.

The principle, however, upon which this exemption is claimed does not apply to obligations, such as checks and warrants intended for immediate use, and designed merely to stand in the place of money, until presented at the Treasury and the money actually drawn thereon. In such case the tax is virtually a tax upon the money which may be drawn immediately upon presentation of the checks. As was said by Mr. Justice Miller in *National Bank* v. *Commonwealth,* 9 Wall. 353, 362: "That limitation (upon the power to tax) is, that the agencies of the Federal Government are only exempted from state legislation, so far as that legislation may interfere with, or impair, their efficiency in performing the functions by which they are designed to serve that Government."

In *Railroad Company* v. *Peniston,* 18 Wall. 5, it was insisted by the plaintiff in error that the property of the Union Pacific Railroad Company was exempted from state taxation by virtue of the incorporation of the company by the United States, as a means for the performance of certain public duties of the Government enjoined and authorized by the Constitution. It was said, however, by Mr. Justice Strong, in delivering the opinion of the court, that no constitutional implications prohibited a state tax upon the property of an agent of the Government merely because it is the property of such agent, but "that the agencies of the Federal Government are uncontrollable by state legislation, so far as it may interfere with, or impair their efficiency in performing the functions by which they are designed to serve that Government.

"It is, therefore, manifest that the exemption of Federal agencies from state taxation is dependent, not upon the nature of the agents, or upon the mode of their constitution, or upon

the fact that they are agents, but upon the effect of the tax; that is, upon the question whether the tax does in truth deprive them of power to serve the Government as they were intended to serve it, or does hinder the efficient exercise of their power. A tax upon their property has no such necessary effect. It leaves them free to discharge the duties they have undertaken to perform. A tax upon their operations is a direct obstruction to the exercise of Federal powers."

Had the Government, in the absence of money for the immediate payment of interest upon its bonds, issued new obligations for the payment of this interest at a future day, it might well be claimed that these were not taxable, as the taxation of such notes would, to the extent of the tax, impair their value and negotiability in the hands of the holder. This was practically the case in *The Banks* v. *The Mayor*, 7 Wall. 16, where certificates were issued at a time when the Government had no money to pay its obligations, and made use of its credit to obtain further time. But where checks are issued payable immediately they merely stand in the place of coin, which may be immediately drawn thereon. As observed by the court below, the checks were for all practical purposes the money itself. *People* v. *Stockton &c. R. R. Co.*, 45 California, 306, 313; *Metropolitan National Bank* v. *Sirret*, 97 N. Y. 320, 325; *Matter of Staten Island R. R. Co.*, 38 Hun, 381; *S. C.*, 101 N. Y. 636. A check may be given in evidence under the money counts. *Wells* v. *Brigham*, 6 Cush. 6; *Cruger* v. *Armstrong*, 3 Johns. Cas. 5.

While Congress has not amended Rev. Stat. § 3701, upon which plaintiff relies in this case, it did by act approved August 13, 1894, 28 Stat. 278, declare "That circulating notes of national banking associations and United States legal tender notes and other notes and certificates of the United States payable on demand and circulating or intended to circulate as currency, . . . shall be subject to (state) taxation as money on hand or on deposit."

Although the checks in question were not intended to circu-

late as money, and therefore do not fall within the letter of the statute, the reasons that apply to that class of obligations we think apply with equal force to checks intended for immediate payment, though not intended to circulate as money. While the checks are obligations of the United States and within the letter of § 3701, they are not within its spirit, and are proper subjects of taxation.

Had the plaintiff drawn the money upon them immediately, it would have become at once a part of the general property of the bank, and the fact that the money had been derived from the United States and paid to the bank as interest on its obligations would not have prevented its becoming part of the general property of the bank, and subject to state taxation.

*Affirmed.*