PEOPLE ex rel. THE ASTORIA LIGHT, HEAT AND POWER COMPANY, Relator, *v.* JACOB A. CANTOR, RICHARD H. WILLIAM, ARTHUR H. MURPHY, GEORGE HENRY PAYNE, JAMES F. O'GRADY, JAMES P. SINNOTT and LEWIS M. SWASEY, Constituting the Board of Taxes and Assessments of The City of New York, Defendants.

(Supreme Court, New York Special Term, February, 1921.)

Certiorari — taxes — debt due from United States not exempt — when proceeding to review an assessment for personal property will be dismissed — United States Revised Statutes, § 3701 — Tax Law, § 2(8).

> The unpaid balance of a debt which was due and owing from the United States, on October 1, 1919, on certain war contracts fully performed, is not exempt from taxation under section 3701 of the United States Revised Statutes but is an asset subject to municipal taxation under section 2(8) of the Tax Law of the state, for the year 1920, as a debt due from a solvent debtor, and proceedings on a writ of certiorari under section 12 of the Tax Law, to review an assessment which disallowed the deduction of such a debt, will be dismissed.

CERTIORARI proceedings.

Curtis A. Peters, for relator.

John P. O'Brien, corporation counsel (Max Solomon, of counsel), for defendant.

420    People ex rel. A. L., H. & P. Co. *v.* Cantor.

Supreme Court, February, 1921.    [Vol. 114.

Lydon, J.  This is a certiorari proceeding brought to review personal property assessment of $1,458,300 for the year 1920, made by the defendants as tax commissioners of the city of New York against the relator herein pursuant to section 12 of the Tax Law.

There are no disputed facts.  The relator, however, claims that the assessment is erroneous and should be reduced from $1,458,300 to $849,073.95 upon the ground that the defendants erroneously disallowed the deduction of the item amounting to $609,317.30 representing a debt due and owing from the United States government to the relator on October 1, 1919.

The question, therefore, to be determined by me is as follows: Is the debt of $609,317.30 due and owing from the United States government on October 1, 1919, which is the taxable status day for the year 1920, exempt from taxation on the ground as alleged by the relator that the same comes within section 3701 of the United States Revised Statutes?

The defendants contend that the item of $609,317.30 is a taxable asset in that it represents money due from a solvent debtor which is personal property as defined by section 2, subdivision 8, of the Tax Law, which provides as follows: "The terms 'personal estate' and 'personal property' as used in this chapter, include chattels, money, things in action, *debts due from solvent debtors,* whether on account, contract, note, bond or mortgage;  *  *  *."

It is not contended by the relator that this item of $609,317.30 is not a debt due from a solvent debtor and therefore not properly included, but the claim is made that inasmuch as this indebtedness is due from the United States government as an unpaid balance on certain war contracts (which have been fully performed) it is exempt under section 3701 of the United States Revised Statutes, which provides

as follows: "All stocks, bonds, treasury notes and other obligations of the United States shall be exempt from taxation by or under state or municipal or local authority." Does this debt come within the meaning of the words " and other obligations of the United States " in the provision of that statute? The relator to support its contention refers at great length to the case of *Banks* v. *Mayor,* 7 Wall. 16, but that case involved the question as to whether certificates of indebtedness issued by the United States government were subject to local taxation, and the court held that they were not. There, supplies had been furnished to the United States government to enable it to carry on the war for the integrity of the Union, and certificates of indebtedness had been issued by the United States to the creditors in payment for the supplies, and under the terms of these certificates the government promised to pay the sums of money specified in them, with interest, at a time named. The court quite properly held that these certificates were beyond the taxing power of the states. In the instant case, the money owing by the United States government to the relator is not represented by any written instrument whereby the government promises to pay this amount, with interest, at a time named, and, therefore, in my opinion it is not the same kind of an obligation as the certificates of indebtedness. Furthermore, in the case of *People ex rel. Bank of New York* v. *Board of Supervisors, etc.,* 37 N. Y. 21, 23, the court expressed its view upon the meaning of the words " other obligations " when it used the following language in referring to the act of June 30, 1864, the phraseology of which is practically the same as that used in section 3701 of the Revised Statutes: " By that act the secretary was authorized to borrow $400,000,000 upon the credit of

the United States, and to issue bonds therefor, and to issue $200,000,000 of treasury notes, both of said securities bearing interest and payable at a future day; and it was enacted that ' all bonds, treasury notes, and other obligations of the United States, shall be exempt from taxation.' This also, in my judgment, should be limited to the subject matter of the act, to wit: bonds and treasury notes, or, at the most, to the other bonds and treasury notes of the various kinds I have mentioned, which might be deemed ' *other obligations* ' of a like character. If it had been intended to exempt legal tender notes, apt words to describe them would have been used, or the notes in the act referred to would have been specified. It is inconceivable that congress should have continued to repeat and reiterate this exemption on six different occasions, if the acts of February 25, 1862, and of June 30, 1864, were intended to embrace all the securities or *obligations* of the United States in all *imaginable* forms.''

Likewise in the case of *Hibernia Savings & Loan Society* v. *San Francisco,* 72 Pac. Repr. 920; affd., 200 U. S. 310, the court at page 922 said: '' The statute relied on (Sec. 3701, U. S. Revised Statutes) was enacted simply in furtherance of the principle enunciated in *McCulloch* v. *Maryland,* (4 Wheat. 316, 4 L. Ed. 579), and to indicate the determination of congress that the usefulness of certain instruments as a means of carrying on the government would be enhanced by exemption from taxation. See *Bank* v. *Supervisors, supra.* The words ',and other obligations,' read in connection with the context, ' stocks, bonds, Treasury notes,' include only obligations of the government similar in character to those specifically named, *and given under the general power to borrow money* on the credit of the United States, and to *issue* in return

therefor obligations in any appropriate form (see *Legal Tender Case,* 110 U. S. 421, 444; 4 Sup. Ct. 122, 28 L. Ed. 204), and do not include checks given in payment of such obligations.''

The government must necessarily carry out a great many of its functions through contractors or agents, and simply because they are doing government work it does not necessarily follow that the money due them from the government in payment of such services or work performed is free from local taxation. Whether or not the agencies of the federal government are exempt from taxation by the state is dependent, not upon the nature of the agents, nor upon the mode of their constitution, nor upon the fact that they are agents, but upon the effect of the tax, that is, upon the question whether the tax does in truth deprive them of power to serve it, or hinder the efficient exercise of their power. A tax upon the property of the agents having no such necessary effect, and leaving them free to discharge the duties they have undertaken to perform may be rightfully imposed by the state. *Railroad Company* v. *Peniston,* 18 Wall. 5.

The taxing power exists in the state unrestricted by the Federal Constitution or government, except as to the means necessary to the latter to discharge its functions. There are many agencies of the federal government which do not enjoy any exemption whatever from taxation by the states, and they do not claim such exemption even in respect of property which they use when serving the government. Not a small portion of their earnings, and the dividends which they distribute among their stockholders, is derived from the government. They even pay to the state taxes upon those earnings.

In the case of *Railroad Company* v. *Peniston, supra,* at page 30, the court said: '' While it is true *that*

government cannot exercise its power of taxation so as to destroy the State governments, or embarrass their lawful action, it is equally true that the States may not levy taxes the direct effect of which shall be to hinder the exercise of any powers which belong to the National government. The Constitution contemplates that none of those powers may be restrained by State legislation. But it is often a difficult question whether a tax imposed by a State does in fact invade the domain of the General government, or interfere with its operations to such an extent, or in such a manner, as to render it unwarranted. It cannot be that a State tax which remotely affects the efficient exercise of a Federal power is for that reason alone inhibited by the Constitution. To hold that would be to deny to the States all power to tax persons or property. Every tax levied by a State withdraws from the reach of Federal taxation a portion of the property from which it is taken, and to that extent diminishes the subject upon which Federal taxes may be laid. The States are, and they must ever be, co-existent with the National government. Neither may destroy the other. Hence the Federal Constitution must receive a practical construction. Its limitations and its implied prohibitions must not be extended so far as to destroy the necessary powers of the States, or prevent their efficient exercise.''

And again, at page 36, the court said: ''All State taxation which does not impair the agent's efficiency in the discharge of his duties to the government has been sustained when challenged, and a tax upon his property generally has not been regarded as beyond the power of a State to impose.''

The fact that the contracts in evidence were for furnishing materials and doing work to carry on the war is of no moment, because these contracts were

executed contracts, and the item of $609,317.30, the balance due on said contracts, is nothing more than a debt due from a solvent debtor, and in my opinion is taxable by the local authorities. It is hard to conceive how the taxation of this debt by the city of New York will in any way interfere with the federal government carrying on any of its functions.

Having held that the item in question is properly taxable, I deem it unnecessary to discuss the other points raised by the corporation counsel upon the trial. The certiorari proceedings herein are therefore dismissed, with costs.

Proceedings dismissed, with costs.