## UNITED STATES TRUST CO. OF NEW YORK v. ANDERSON, Collector of Internal Revenue.

District Court, S. D. New York.
June 10, 1932.

Stewart & Shearer, of New York City, for plaintiff.

G. Z. Medalie, of New York City, for defendant.

BONDY, District Judge.

This is a motion to dismiss the complaint upon the ground that it fails to state a cause of action.

The complaint alleges that plaintiff's testator had an interest in two pieces of real property which were condemned by the city of New York, one in 1925 and the other in 1926; that there was awarded to the plaintiff's testator in each case the value of his interest in the property at the time of the taking of title by the city and interest thereon to the date of the award; that plaintiff's testator included in his federal income tax returns for the years 1927 and 1928 as gross income, the amounts representing interest on the awards; that by reason thereof there was paid an amount of tax in excess of his tax liability during these years; and that claims for refunds were disallowed by the Commissioner of Internal Revenue. The complaint demands judgment for the amounts which it is claimed were overpaid.

The Greater New York Charter provides that in case title to property required for

improvement shall vest in the city prior to the entry of the final decree, interest on the entire amount due to the owner for the real property acquired for the improvement from the date of the vesting of title to the date of the final decree shall be awarded as part of such owner's compensation. Section 970a (as added by Laws 1916, c. 112), and section 976 (as added by Laws 1915, c. 606, as amended by Laws 1917, c. 631).

 The plaintiff contends that upon the taking of title to the property by the city of New York an obligation arose to pay just compensation under the Constitution of the State of New York, art. 1, § 6, and the provisions of the City Charter, and that interest allowed on the amount found by the award to be the fair market value of the property on the day title passed is interest paid on an obligation of the city of New York, a political subdivision of a state, and therefore exempt by express provision of the Revenue Act; and that if the interest is not so exempted by statute, then the tax is unconstitutional because it is a tax imposed upon the exercise of a governmental function.

The statute designates as tax free, interest upon "the obligations of a State, Territory, or any political subdivision thereof. * * *" Revenue Act of 1926, § 213 (b) (4), 26 USCA § 954 (b), (4); Revenue Act of 1928, § 22 (b), (4), 26 USCA § 2022 (b) (4), 26 USCA § 2022 (b), (4).

Though the Constitution of the State of New York and the Charter of Greater New York imposed upon the city the obligation to make just compensation for the property taken, such obligation is not an obligation within the meaning of this provision of the Revenue Act.

The word "obligation" does not necessarily include every duty imposed by law, as plaintiff seems to contend. It is generic, having many meanings. When used in a statute its meaning depends upon the context and the purpose of the enactment. See Hibernia Savings & Loan Society v. City and County of San Francisco, 200 U. S. 310, 26 S. Ct. 265, 50 L. Ed. 495.

It is fundamental that Congress cannot impose a tax on any obligation, or on the interest on any obligation, issued by a state in order to borrow money. See Willcuts v. Bunn, 282 U. S. 216, 51 S. Ct. 125, 75 L. Ed. 304.

There is no reason to suppose that this statutory exemption was intended to be otherwise than declaratory of the constitutional limitation upon the power of Congress to impose a tax upon an obligation of a state. The court has not been referred to any case in which the exemption has been extended to any obligation other than one to repay money borrowed by a state or a subdivision thereof. The reason for the statutory exemption does not apply except in cases which involve the power of the government to borrow money, as a means of carrying on its governmental functions. It has never, so far as the court knows, been extended to include interest paid by a state government on a judgment against it.

In Hibernia Savings & Loan Society v. San Francisco, supra, the reasoning in which applies to this case, though the facts are clearly distinguishable, it was held that checks or orders issued by the United States Treasury for interest accrued upon registered bonds of the United States, which represented obligations to pay money previously borrowed, might be taxed by a state in the hands of the owner without violating section 3701 of the Revised Statutes (31 USCA § 742), which provided that "all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal * * * authority." A ground for the decision was that the statute was one of those directed against intergovernmental taxation enacted pursuant to the constitutional immunity of state and federal instrumentalities, and that, since in this case the borrowing power of the treasury was not affected by the tax, the statute did not prohibit the tax in question.

Mr. Justice Stone, in Metcalf & Eddy v. Mitchell, 269 U. S. 514, 522, 46 S. Ct. 172, 174, 70 L. Ed. 384, in enumerating instances of state and federal exemptions, speaks of "obligations sold to raise public funds."

The word "obligation," as used in section 213 (b) (4) of the Revenue Act of 1918 (40 Stat. 1065), was likewise held not to include all legal duties, but rather to be confined to securities, the purpose of the exemption in question being "to facilitate the flotation of low-interest bearing government securities." See Kansas City Southern Railway Co. v. Commissioner of Internal Revenue, 16 B. T. A. 665, 692, affirmed (C. C. A.) 52 F.(2d) 372.

A similar decision was reached as to interest received from the Federal Government upon a refund of overpaid income and profit taxes. American Viscose Corp. v. Com-

missioner of Internal Revenue (C. C. A.) 56 F.(2d) 1033, affirming 19 B. T. A. 937.

The dissatisfaction of Congress with the exemption of state obligations, the suggestions made in Congress on various occasions with reference to amending the Constitution in so far as it limits the power to tax such obligations, and its failure to attempt to amend the Revenue Act, are some evidence of the improbability of an intention to exempt more than was obligatory, and of the fact that it understood the exemption to be no wider in scope than the constitutional limitation. See Holmes, Federal Taxes (6th Ed.) p. 754 n. 47; Cong. Rec. vol. 57, pp. 553, 774, 2988.

In a letter dated January 26, 1931, the Commissioner of Internal Revenue held that interest received on awards in condemnation proceedings is taxable, thereby reversing a Treasury Department Office decision to the contrary, rendered in 1920. O. D. 591, T. B. 29—20—1071, C. B. 3—313.

It does not appear that the original decision has been followed continuously. Though the administrative practice is persuasive, it is not conclusive, especially in view of the fact that the department has reversed its decision. See Merritt v. Cameron, 137 U. S. 542, 11 S. Ct. 174, 34 L. Ed. 772; Houghton v. Payne, 194 U. S. 88, 24 S. Ct. 590, 48 L. Ed. 888; Swift & Courtney & Beecher Co. v. United States, 105 U. S. 691, 26 L. Ed. 1108. The absence of any uniform interpretation by the Treasury Department is further emphasized by article 84 of the Income Tax Regulations of 1928, in which the word "issued" used in connection with the word "obligations" indicates a construction to the effect that the latter was used in the more restricted sense of "securities."

The borrowing power of a state or subdivision is not affected, for it is not involved in condemnation proceedings. Nothing is borrowed.

Any theoretical effect of such tax upon the exercise of the power of eminent domain seems so remote as to fall outside the field recognized by the constitutional doctrine. See Group No. 1 Oil Corp. v. Bass, 283 U. S. 279, 282, 51 S. Ct. 432, 75 L. Ed. 1032; Fox Film Corporation v. Doyal, 52 S. Ct. 546, 76 L. Ed. 1010, decided May 16, 1932.

Counsel urge the unconstitutionality of the tax upon the further ground that it deprives plaintiff of the just compensation to which it is entitled. The provision of the Fifth Amendment of the Constitution of the United States that private property shall not be taken for public use without just compensation, the only one applicable to the federal government in any event, is a limitation upon that government in the exercise of the power of eminent domain, and not of the taxing power. See also, Kansas City Southern R. Co. v. Commissioner of Internal Revenue (C. C. A.) 52 F.(2d) 372, 381.

Accordingly, the motion to dismiss the complaint is granted.