FRED DUCKETT, County Clerk,

*v.*

JOSEPH GERIG.

*Opinion filed October 23, 1906.*

1. TAXES—*when remedy against improper assessment is injunction and not an appeal.* Where the board of review holds a certain written instrument to be taxable, as evidencing a loan, and assesses the same to the owner after a hearing, the proper remedy is by a bill to enjoin the extension of the tax upon the ground that such instrument was not taxable, and not by appeal to the Auditor from the decision of the board of review.

2. SAME—*what is not a taxable instrument—advancements.* A contract whereby a father advances to certain of his children definite sums, for which they agree to pay certain annual interest during his lifetime but with the right to give a note for such interest and have the amount added to the principal sum to be deducted from their shares of their father's estate, and having the option to pay the amounts advanced, or any part thereof, to their father in his lifetime, evidences an advancement and is not taxable to the father as a loan, where he reserves no right to enforce payment of interest or principal in his lifetime.

WRIT OF ERROR to the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding.

R. S. McILDUFF, and B. R. THOMPSON, for plaintiff in error:

One seeking to enjoin the collection of a personal property tax must overcome the presumption that the tax is legal and just. *People* v. *Keener,* 194 Ill. 18; *Tolman* v. *Raymond,* 202 id. 200.

A tax-payer cannot enjoin the collection of a tax upon an assessment increased by the board of review by merely denying that he possesses any property other than that which he has listed, but must produce the record of the board of review, from which its action must be determined. *Weber* v. *Baird,* 208 Ill. 217.

An advancement is defined as an irrevocable gift *in præsenti* of money or property, real or personal, to a child by a parent, to enable the donee to anticipate his inheritance to the extent of the gift. 14 Cyc. 162; *Wallace* v. *Reddick,* 119 Ill. 156.

To constitute an advancement the gift must have been made by the intestate and the payment or transfer must be absolute, in the sense that the donor must part with all control over it. 20 Cyc. 163; *Grattan* v. *Grattan,* 18 Ill. 170.

It is characteristic of an advancement that the one to whom the advancement is made cannot be compelled to refund any part of it at the donor's death, although it exceeds

his share of the estate. 2 Starr & Cur. Stat. sec. 4, p. 1431; Rogers on Domestic Relations, 476; 1 Am. & Eng. Ency. of Law, (1st ed.) 223, and cases cited.

Advancement, in its legal acceptation, does not involve the idea of obligation or future liability to answer. It is a pure and irrevocable gift made by a parent to a child in anticipation of such child's future share in the parent's estate. *Yundt's Appeal,* 13 Pa. St. 575.

If a parent advances money to a son and takes a bond for re-payment, with or without interest, it will be held a debt rather than an advancement. *High's Appeal,* 21 Pa. St. 283.

A loan of property is not an advancement. *Hanner* v. *Windburn,* 42 N. C. 142; *In re Strickler,* 182 Pa. St. 253.

A. C. NORTON, and R. B. CAMPBELL, for defendant in error:

In order to give the Supreme Court jurisdiction of an appeal under section 88 of the Practice act the case must relate to the revenue directly, and not merely incidentally or remotely. *Wells* v. *Rogers,* 196 Ill. 292; *Hodge* v. *People,* 96 id. 423; *Wilson* v. *County of Marion,* 205 id. 580.

One cannot assign for error that which does not in any way affect his rights but only those of others, who make no complaint. *Schwartz* v. *Ritter,* 186 Ill. 212; *Clark* v. *Shawen,* 190 id. 57; *Patterson* v.*Patterson,* 89 Ill. App. 411.

A court of equity has jurisdiction to enjoin the levy and collection of taxes by persons not authorized by law, or levied for illegal or unauthorized purposes, or when the property is not liable to the taxes. *School Directors* v. *School Directors,* 135 Ill. 478.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendant in error, Joseph Gerig, on the 28th day of April, 1903, presented to the assessor of the township in which he lived, a sworn schedule purporting to contain a list of all his personal property subject to taxation. The only

item of property mentioned in the schedule was grain on hand, valued at $250. The board of review caused him to come before them August 24, 1903, for a hearing as to whether his assessment should be increased. It was there disclosed that Gerig claimed to have advanced his children $17,900, and as evidence of it he exhibited the following instrument:

"STATE OF ILLINOIS, }
 *Livingston County,* } *ss.*

"We, the undersigned children and heirs of Joseph Gerig, of the township of Pike, county of Livingston, and State of Illinois, do hereby acknowledge that our father, Joseph Gerig, has advanced us the sum or amount set opposite our names, the same to be taken out of our respective share or shares at the final settlement of his estate. We also, each of us, agree to pay him an annual rent or interest upon the said sum advanced, at the rate of four per cent per annum, and the same shall be paid on March the first, 1904, and upon the first of each and every March during his lifetime, and shall be endorsed upon the back of this contract. And further, if either of us fail to pay said rent or interest as herein provided, he or she shall give a note for the same, bearing such rate of interest from date as said Joseph Gerig may consent to take; and further, at the final settlement of our father's estate the said sum of money, with accrued interest and notes given for unpaid interest, is to be taken out of our respective share or shares, and if either owes more than his or her share, he or she shall owe the same to the estate. Each of us reserve the right to pay the said sum of money, or any part thereof, to him before his death, and thereby stop the payment of interest upon the amount paid. All money paid to him, whether as principal or interest, shall be endorsed upon this contract. Neither of us is security for the others, and we hereby bind ourselves, our heirs, executors, administrators and assigns, for the true and faithful performance of this contract.

"Witness our hands and seals this 2d day of March, A. D. 1903.

|  |  |  |
|---|---|---|
| 1903, 3-2, JOSEPH M. GERIG, | (Seal.) | $7,400.00. |
| 1903, 3-2, JACOB B. GERIG, | (Seal.) | 5,250.00. |
| 1903, 3-2, PETER GERIG. | (Seal.) | 5,250.00." |

The board of review decided it was taxable and assessed the $17,900 to him. In January, 1904, he filed the bill in this case, making plaintiff in error, the county clerk of Livingston county, defendant, and praying that he be enjoined from extending the taxes against him. Plaintiff in error de-

murred to the bill. The court overruled the demurrer, and plaintiff in error electing to stand by his demurrer, the court entered a decree as prayed in the bill, and the case is brought here by writ of error for review.

That the remedy of defendant in error was by bill in chancery for injunction, and not by appeal from the decision of the board of review to the Auditor, is settled in *Weber* v. *Baird,* 208 Ill. 209, and *Dutton* v. *Board of Review,* 188 id. 386.

Plaintiff in error contends that the arrangement between defendant in error and his children, as shown by the written agreement, was not an advancement, but was a loan, while defendant in error contends it was an advancement. Bouvier defines an advancement to be, "that which is given by a father to his child or presumptive heir by anticipation of what he might inherit." The ancestor must in his lifetime divest himself of all interest in the property set apart to the heir. "An advancement differs from a gift, inasmuch as it is charged against the child; and from a debt, in that there is no enforcible liability on the part of the child to re-pay during the lifetime of the donor or after his death, except in the way of suffering a deduction from his portion in the estate. Unlike an ademption, it has to do with intestate estates only." (1 Am. & Eng. Ency. of Law,—2d ed.—761.)

The instrument above set out must be construed to be either an advancement or a debt or loan. It does not possess the chief distinguishing characteristics of a debt, for its payment could not be enforced by defendant in error. While it has the essential elements necessary to constitute an advancement, it has also some features that are unlike anything in any advancement that we have been able to find in the books. We refer to the agreement of the heirs to pay their father four per cent interest. But even the payment of that is not enforcible against the heirs, for the instrument gives them the right to give their note for each year's interest and the payment of these notes cannot be enforced by the father,

but the instrument provides that at the final settlement of his estate, they, with the accrued interest thereon, should be taken out of the makers' respective shares of their father's estate. Whether the transaction is an advancement or not is to be determined from the intention of the parties. (*Bay* v. *Cook,* 31 Ill. 336; *Miller's Appeal,* 40 Pa. St. 57.) It seems clear that defendant in error intended his children to have the right to keep, control and dispose of the property as they saw fit. He retained no right or authority over it, nor any right to require its return to him, or the payment of its value, or any part thereof, in money. The fact that the children agreed to pay four per cent interest annually could amount to nothing more than if they had agreed that interest to that amount should be added to the advancement when the time arrived for distribution of their father's estate. It may be that the use of the money during their father's lifetime was well worth that rate of interest to them, and it may also be that the father had other children to whom he had made no advancements and took this means of dealing fairly with all his children.

While the case of *Hayward* v. *Loper,* 147 Ill. 41, involved the ademption of a legacy, we think the principles announced in the discussion of that case not inapplicable to this case. There the father had made a will in which he gave to a daughter $3000. The daughter was married and living with her husband in another State. After the will was made, her husband, at her request, wrote the father that she would like to have then what he intended her to receive out of his estate at his death, and that if he would advance it to her she would pay interest on it during his life. It was finally agreed that this should be done and that the daughter should give her note for $3000 payable at the death of her father, with interest at eight per cent per annum. By a mistake the note was written payable at the daughter's death instead of at her father's death. She paid the interest to her father regularly for fourteen years, and after his death refused to

pay further interest because under the agreement between her and her father the interest ceased at that time. Afterwards, learning that the note was written to run during her life, she claimed the money was a loan and that she was entitled to the legacy named in the will. The evidence showed that she knew the note was to have been payable at her father's death, and had agreed it was then to be accepted by her upon her distributive share in her father's estate. The court said: "The transaction having occurred after the making of the will, in effect amounts to an ademption of the legacy of Lodusky Hayward, the proof showing, as before stated, that it was accepted in lieu of her portion of the testator's estate, but coupled with the agreement that she should pay interest in consideration of the advancement during his life."

We are of the opinion the fact that the agreement required the children of defendant in error to pay four per cent interest on the money, and the further fact that it gave them the privilege of returning the principal to him during his life, do not operate to make it a debt or a loan due from the children to their father, for, as we have before said, they had the discretion of giving notes for the interest, and such notes then became a part of the advancement. The privilege given them to return or pay their father the principal during his lifetime was wholly within their own control and could not be enforced by defendant in error. So far as he is concerned the transaction appears to have all the necessary elements of an advancement.

We do not think these conclusions work any injustice to the public or that any revenues are being unjustly lost to it, as contended by plaintiff in error, for presumptively the children of defendant are paying taxes on the property. It would be manifestly unjust to a person who had made an advancement to his children, who are in the possession and absolute use and control of the property and legally liable to pay the taxes thereon, to require him also to pay taxes upon the same property. It is not analogous to a loan, for a party

making an advancement can never require the party to whom the advancement is made to pay him for the property advanced.

We are of opinion the circuit court properly overruled the demurrer and entered a decree as prayed in the bill. The decree of the circuit court is affirmed.

*Decree affirmed.*