## WM. CAMERON & CO., INC., v. BOARD OF EQUALIZATION OF GREER COUNTY.

No. 10442—Opinion Filed Nov. 28, 1922.

(Syllabus.)

1. **Taxation — Foreign Corporation Doing Business in State — Rendition of Property—Statutory Forms.**

A foreign corporation doing business for profit within the state and having property

subject to taxation therein must comply with the provisions of section 5, chap. 107, Session Laws 1915, in the matter of making a statement under oath on forms prescribed by the State Auditor.

**2. Same — Delivery of Statement to Assessor.**

The statement required by section 5 must be made and delivered to the assessor of the county where the principal business of the corporation in this state is transacted.

**3. Same — Penalty Against Corporation — Reversal.**

Record examined, and held, that on account of certain deficiencies in the agreed statement of facts upon which the case was tried, the judgment of the trial court assessing a penalty against the taxable property of the plaintiff in error must be reversed.

Error from District Court, Greer County; T. P. Clay, Judge.

Wm. Cameron & Company, Inc., penalized for failure to make return of property for taxation upon prescribed forms, and it brings error. Reversed.

T. M. Robinson, for plaintiff in error.

M. H. Mills, for defendant in error.

KANE, J. This is an appeal from the action of the district court affirming the action of the board of equalization of Greer county in refusing to relieve the plaintiff in error from a penalty of $7,500 assessed against its taxable property for failure to make the statement required by section 5, ch. 107, Session Laws 1915, on forms prescribed by the State Auditor.

The complaint of plaintiff in error, which it is agreed correctly states the facts necessary for a review of the question of law raised, may be briefly summarized as follows: Wm. Cameron & Company, Inc., is a corporation organized under the laws of the state of Texas, and has complied with all the laws of the state of Oklahoma, relating to foreign corporations, and has a permit from said state to do business therein. That it has a number of retail lumber yards situated in different counties of the state of Oklahoma, one yard being located at Mangum and another at Willow, in Greer county. That within the time provided by law, the company offered to the county assessor of Greer county a verified assessment list of its property subject to taxation in said county, but failed to make and deliver to the assessor of said county the statement required by the section of the statute hereinbefore referred to. That for failure to comply with the provisions of the statute the county assessor refused to accept the assessment list thus made, with the result that the penalty hereinbefore referred to, which is provided for in another part of section 5, supra, was added to the assessed value of plaintiff's taxable property. It was also agreed that said corporation has no principal office in Greer county, but that its principal office is situated at Waco, Tex.

Counsel contends that under the agreed statement of facts, which concedes that the plaintiff in error is a foreign corporation with its principal office at Waco, Tex., it is apparent from its language that section 5, which provides that the statement shall be delivered to the assessor of the county where its "principal business is transacted," cannot apply to it or to any foreign corporation.

In their brief counsel for plaintiff in error presents their sole grounds for reversal as follows:

"As before suggested, the only question presented was whether the verified assessment lists offered by Wm. Cameron & Company, Inc., was the proper way in which they should render their property for taxes. There is no claim that they were entitled to any exemption or immunity by virtue of the fact that they were a foreign corporation."

From this brief summary of the facts, it is obvious that the solution of the questions involved in this case turns largely upon the construction to be placed upon section 5, supra, which provides as follows:

"It shall be the duty of managing officer of every corporation to make, under oath, and deliver to the assessor of the county where its principal business is transacted, on forms prescribed by the State Auditor, a statement of its authorized capital stock and the amount of capital paid up thereon, the amount of its outstanding bonded indebtedness, if any, the names of its shareholders as the same appear of record upon the books of the corporation and the number of shares held by each, and the description and value of each tract or parcel of land owned by such corporation, and description of all other property owned by such corporation and the value thereof, the total amount of its invested capital, the total amount of surplus and undivided profits, and such statement shall show the description, the location and assessed value of all real estate and tangible personal property owned by such corporation, listed and assessed separately in its name. The assessor shall return the sworn statement so made,

with his assessment, to the board of equalization of the city, town or township, wherein said corporation is located, and if it shall appear that the statement so made does not fully return all of the property and assets of such corporation or is untrue in any particular, said board of equalization shall have power, and it shall be their duty to examine the books, records and files of such corporation and to make up a true and correct return of the money, capital, surplus, undivided profits of such corporation subject to taxation, and as a penalty, shall add fifty per cent. of the actual value thereof so ascertained: Provided, that upon the filing of any articles of incorporation as provided in section 1227 of the Revised Laws of 1910, the secretary or managing officer or officers of such corporation shall deliver a copy of the same to the county assessor of the county, in which is located the principal office of any such corporation, and the same shall be filed with the other information for which this section provides, and upon application of any citizen of the state, such citizen shall be permitted to examine such papers."

We are unable to agree with the construction placed upon this section by counsel for plaintiff in error. In our opinion, the obvious purpose of the statute is to require "every corporation," both foreign and domestic, to furnish the data set out in the section on forms prescribed by the State Auditor, in order that the taxing officers of the state may have ready access to information deemed necessary or helpful in the matter of assessing the property of corporations.

It being conceded that the property of both foreign and domestic corporations situated or doing business in this state is subject to taxation, it would seem to follow that section 5 must be equally applicable to both classes. This is the only statute providing for such a return, and by its terms it is applicable to all corporations, except those belonging to certain specifically excepted classes. If the construction contended for by counsel were conceded, then all foreign corporations would have the right claimed by the plaintiff in error of refusing to make the statement upon the sole ground that it is a foreign corporation, while domestic corporations, whose property is taxable under similar conditions, would be required to make the return upon the form prescribed by the State Auditor.

We are unable to perceive any sound reason for such a discrimination in favor of foreign corporations or any purpose on the part of the Legislature to make such discrimination. However, from what we have said it does not necessarily follow that,

under the agreed statement of facts, the penalty was properly assessable.

It will be observed that the statute requires the statement to be made and delivered to the assessor of the county where the corporation's principal business is transacted. This, of course, has reference to the place where its principal business is transacted within this state. The agreed statement of facts, as we have seen, is that the corporation has no principal office in Greer county, its principal office being located at Waco, Tex., in which state the corporation was organized. The mere fact that it may have a principal office at Waco, Tex., does not preclude it from having a place where its principal business is transacted in this state. Obviously there must be such a place, if, as the agreed statement of facts shows, it is transacting business at several points within the state. In this regard there is no perceivable difference between a foreign and domestic corporation similarly situated. Each must have a county where its principal business is transacted if it transacts business in more than one county in the state. See In re Assessment of Chickasha Cotton Oil Co., 80 Okla. 102, 194 Pac. 215.

The trouble with the agreed statement of facts is that it ignores this obvious fact, and counsel seem to erroneously assume that the admission that the principal office of the corporation is at Waco precludes the possibility of there being a county in this state wherein its principal business (in this state) is transacted.

For these deficiencies in the agreed statement of facts, the judgment of the trial court assessing the penalty is reversed, and the cause remanded, with directions to set the same aside.

McNEILL, MILLER, KENNAMER, and NICHOLSON, JJ., concur.