## STATE v. ATLANTIC OIL PRODUCING CO.

No. 23267.  July 2, 1935.

Rehearing Denied Sept. 10, 1935.

Holly Anderson, Co. Atty., and Monnet & Savage, for plaintiff in error.

Hagan & Gavin (T. R. Freeman, of counsel), for defendant in error.

WELCH, J. The facts in material substance are as follows: The defendant is a Delaware corporation with its principal office at Philadelphia, Pa., and its district office at Dallas, Tex., and a branch office at Tulsa, Okla. The defendant is extensively engaged in the oil business, both production and sale, in Oklahoma and other states. For the years 1927 to 1930, inclusive, the defendant made its return and report to the county assessor of Tulsa count, of personal property for ad valorem taxation. Those reports and returns disclose no credits or accounts receivable owned by defendant in this state, and it is with such character of property that we are here concerned.

Section 12369, O. S. 1931, provides for the assessment and taxation of the property of corporations, while section 12372, O. S. 1931, requires every corporation to make under oath and deliver to the assessor of the county where its principal business is transacted, on proper forms, a detailed return and report of its assets.

It has been heretofore contended that these sections do not apply to foreign corporations, but that question was set at rest by the opinion of this court in Wm. Cameron & Co. v. Board of Equalization of Greer County, 87 Okla. 297, 210 P. 1025. There it was held that these sections of the statute apply as well to foreign corporations doing business in this state. In the body of the opinion it was said:

"We are unable to agree with the construction placed upon this section by counsel for plaintiff in error. In our opinion, the obvious purpose of the statute is to require 'every corporation,' both foreign and domestic, to furnish the data set out in the section on form prescribed by the State Auditor, in order that the taxing officers of the state may have ready access to information deemed necessary or helpful in the matter of assessing the property of corporations.

"It being conceded that the property of both foreign and domestic corporations situated or doing business in this state are subject to taxation, it would seem to follow that section 5 must be equally applicable to both classes. * * * If the construction contended for by counsel was conceded, then all foreign corporations would have the right claimed by the plaintiff in error of refusing to make the statement upon the sole ground that it is a foreign corporation, while domestic corporations whose property was taxable under similar conditions would be required to make the return upon the form prescribed by the State Auditor.

"We are unable to perceive any sound reason for such a discrimination in favor of foreign corporations or any purpose on the part of the Legislature to make such discrimination. * * *

"It will be observed that the statute requires the statement to be made and delivered to the assessor of the county where the corporation's principal business is transacted. This, of course, has reference to

the place where its principal business is transacted within this state. * * * The mere fact that it may have a principal office at Waco, Texas, does not preclude it from having a place where its principal business is transacted in this state. * * * See In re Assessment of Chickasha Cotton Oil Co., 80 Okla. 101, 194 P. 215."

And in the case of In re Indian Territory Illuminating Oil Co., 43 Okla. 307, 142 P. 997, it was held in paragraph 8 of the syllabus:

"Corporations incorporated under the laws of sister states, doing business in this state, are taxable the same as a domestic corporation."

Again, in Board of Commissioners of Oklahoma County v. Ryan, 107 Okla. 278, 232 P. 834, at page 838, the court says:

"Such taxes on domestic corporations and foreign corporations domesticated in this state are enforced alike."

In the case of In re Oklahoma National Life Insurance Co., 68 Okla. 219, 173 P. 376, there is made plain the necessity for requiring the statement or return to show all of the property of the corporation in this state.

It is shown from defendant's Tulsa records that on the first day of January of each of the years involved, the defendant did own credits and accounts receivable in this state in varying amounts from $59,000 to $153,000, the exact amount or face value being shown for each year. None of these items were included in the returns and reports made by defendant.

It is not contended that these items were taxed, so it is clear that they were omitted property within the terms of section 12346, O. S. 1931, if such credits and accounts receivable are subject to taxation in Oklahoma.

The defendant contends, in substance, (1) that the items in question do not constitute such credits or accounts receivable as to be subject to ad valorem taxation under the law; (2) that these credits or accounts receivable are not subject to taxation in Oklahoma by reason of their ownership by the defendant, a foreign corporation.

The evidence discloses further that the defendant, in its business in Oklahoma, operates some oil properties for the joint benefit of defendant and other persons or corporations interested therein. That defendant advances operating expenses for such other persons, and charges the proper amount of any such advancement to such other person or corporation to or for whose benefit the advancement is made. That such charges are made upon its books at its Tulsa office, from which office statements are rendered of such accounts which are from time to time collected in the regular course of business. It is those charges or accounts receivable which are here involved.

Upon these facts the defendant urges that these items do not constitute accounts or bills receivable. Defendant urges that these items are not in fact credits, and in support of that contention cites authorities dealing with transactions between partners. Defendant seeks to rely upon the rule stated in Price v. Smith, 116 Okla. 27, 243 P. 153. It was there held that one general partner, advancing money to a partnership, could not maintain an action therefor against his copartner until final settlement of the affairs of the partnership. The facts show no such advancement to a general partnership in the instant case, so that such rule can have no application here.

Reference is also made to Duckett v. Gerig, 223 Ill. 284, 79 N. E. 94. The holding there may be briefly stated as follows: That advancements made by a father to his sons, out of his estate, under the circumstances shown, did not constitute loans to the sons, so as to constitute credits owned by the father subject to taxation.

And to Board of Assessors v. New York Life Ins. Co., 216 U. S. 517. It is there held that transactions between the insurance company and the policy holders did not in fact amount to loans nor create debts. The facts there are vitally different from the facts in the case at bar. So that neither of these authorities has application here.

It seems clear that these items and charges or accounts receivable regularly arose in the conduct of defendant's business in Oklahoma. That they were regularly charged upon defendant's books as accounts against various persons and corporations; that they were handled in all respects as ordinary charges and accounts; that statements thereof were rendered and payment thereof made in the regular order of business as would apply in the case of any ordinary accounts receivable. The defendant insists that these items may not properly be called charges or accounts receivable. Whatever would be their proper designation, we find no difficulty in concluding that they are such charges and accounts receivable as the defendant was required

by law to return and report to the county assessor for taxation.

It would follow that this property of the defendant was omitted property, and subject to assessment in this proceeding, unless defendant is correct in its theory and principal contention that such property is not subject to taxation in Oklahoma, by reason of its foreign ownership, and in that connection the defendant denies that this property had any business situs in Oklahoma.

The defendant states that "of course, the monies, owing to the defendant in error and here sought to be taxed, constituted in each instance, a debt." The defendant then urges the rule followed by this court in Wilkin v. Board of County Commissioners of Oklahoma County, 77 Okla. 88, 186 P. 474. That opinion does recognize the general rule that a debt, for taxation purposes, follows the domicile of the creditor. However, in that case the exception, or the "business situs rule," was not in any manner involved, and there is nothing in that decision running counter to the equally well-established rule that intangibles may acquire a business situs in a state other than that of the owner.

It is the general rule that the situs or location of intangible properties follows that of the owner. See Wilkin v. Board of Commissioners, supra.

However, that general rule is subject to the well-recognized exception that intangible personal property may acquire and have a business situs different from the location or domicile of the owner.

The rule is stated in 61 C. J. 347, section 335, as follows:

"In accordance with the general rules as to taxation of intangible personal property of nonresidents, in the absence of statute, intangible personal property, such as credits, accounts. receivable, investments, securities, etc., of a foreign corporation, as a general rule are taxable only in the state where the corporation has its domicile, and it has been held that where the property has acquired a situs for purposes of taxation in such state it cannot be taxed in another state in which ˙ the company has its executive offices. Such intangible property, however, even though it is not evidenced in writing, may acquire a business situs so as to be taxable in another state, by its use and accumulation from business done in that state, or by the company acquiring a commercial domicile in the state. Accordingly the credits of a foreign corporation. such as accounts receivable, promissory notes, etc., held within the state and which arise out of corporate business transacted within the state, either by the corporation itself or a branch thereof, are taxable therein, as in the case of money derived from business in the state and deposited in a local bank, particularly where in so far as its local business is concerned it has in fact become a domestic corporation, and this rule has been held to apply as to credits, although they are subsequently remitted to the corporation's home office in another state. * * *"

The rule is likewise stated in Cooley on Taxation (4th Ed.) vol. 2, sec. 465, p. 1031, as follows:

"While 'the undoubted rule is that for the purpose of taxation a debt is property at the residence or domicile of the creditor,' it is also true that a debt may acquire a situs elsewhere. 'Business situs' has come to be a well-recognized term in the law of taxation. Primarily it is an exception to the rule that the situs of intangible personal property is at the domicile of the owner, so as to make property which has acquired a 'business situs' in a state other than the domicile of the owner taxable in such state. The rule is settled that credits belonging to a nonresident may acquire a business situs so as to be taxable; but just what will constitute a business situs is not susceptible of precise definition. This 'business situs' means, it would seem, what the words indicate, i. e., a situs in another state where a nonresident is doing business through an agent. manager or the like, in which business and as part thereof business credits, such as open accounts, notes, mortgages, deposits in banks, etc., are used and come within the protection of the state."

In Grieves v. State ex rel. County Attorney et al., 168 Okla. 642, 35 P. (2d) 454, this court considered the situs for taxation of intangible personal property. The principal issue was as to the domicile of the owner, but in addition thereto this court did consider the business situs rule, and in the body of the opinion it was said:

"In regard to intangible property the maxim 'mobilia sequuntur personam' embodies the general principle in relation to its situs for the purpose of taxation. In the absence of controlling circumstances to the contrary, the general rule is that the situs of intangible property for the purposes of taxation is at the owner's domicile." (Citing authorities.)

And immediately following, this language was used:

"To the above general rule there is the well-defined exception that intangible personal property may have a business situs

otherwise than that of the domicile of the owner for the purpose of taxation." (Citing authorities.)

In that case it was determined upon the facts and circumstances shown that the intangibles involved had not acquired a situs away from the domicile of the owner, but that decision is a clear recognition by this court of the business situs rule as to cases where that rule would apply to the facts and circumstances shown to exist.

So that we must determine whether the charges and accounts receivable here involved have a business situs in Oklahoma. These accounts are created by the operation of defendant's business in Oklahoma, where they originated, and are kept at the Tulsa office of the defendant, and it is that office which renders statements of such accounts and collects them. There is a suggestion in the evidence that some of these accounts are or may be paid to the defendant at its Dallas office. The evidence does not disclose that such is a regular practice by the debtors, and we take that evidence to mean nothing more than that such a debtor might pay the defendant at its Dallas office if he so desired, and, of course, that payment to the defendant, wherever made, would settle the account and balance the charge. It is also suggested in the evidence that when such an account is created or charge made at the Tulsa office, vouchers showing the details thereof are transmitted to the Dallas office. While that may disclose desirable efficiency in the management of defendant's business, we think it does not demonstrate that the accounts receivable are Dallas or Texas property, to the exclusion of the right of this state to tax the same. The defendant urges that these accounts belong to the Dallas office because of the foregoing facts, and the further fact that the Tulsa office must finally report to and account to the Dallas office. Likewise, that these accounts are ultimately the property of the Philadelphia office, because the Dallas office must report and account to that office, but we conclude that contention cannot be sustained. The evidence does disclose that the Tulsa office regularly reports and finally accounts to the Dallas office, and that office likewise reports and accounts to the Philadelphia office, but we cannot view that fact as controlling under the facts and circumstances here shown.

The defendant relies upon Kimball Co. v. Board of Com'rs of Shawnee County, 99 Kan. 302, 161 P. 644. In that case the Illinois corporation sold pianos from the Topeka, Kansas, branch, taking notes for deferred payments. The notes were immediately transmitted to the Chicago office, and there permanently retained and handled. Maturity notices were transmitted from the Chicago office, however, permitting payment to be made to the Chicago or Topeka office, such payments as were made at Topeka being immediately transmitted to the Chicago office, where the notes were kept. The Supreme Court of Kansas held that the notes were not taxable in Kansas, not having a business situs there. Prominence was given to the exact method of holding and handling the notes at Chicago. This conclusion, based upon the above-stated facts and other details of the corporate business, is not without justification upon the facts. In that case, however, the court properly recognized the rule that notes owned and held without the state might be brought into the state for something more than a temporary purpose and be devoted to some business use there, so as to there acquire a business situs and become a part of the property subject to taxation in that state. The state here does not resist the rule of law followed in that case, but contends that when the same is applied to the facts in this case, the charges and accounts receivable of the defendant, Atlantic Oil Producing Company, are and constitute an integral part of the corporate business in Oklahoma, and have a business situs here, and are subject to taxation.

City of Vicksburg v. Armour Packing Co. (Miss.) 24 So. 224, cited by defendant, follows the general rule that the situs of intangible personal property follows the domicile of the owner, but that case likewise expressly recognizes the exception of the business situs rule as applying to those cases where the facts justify its application, and exactly the same may be said as to Crane Company. v. City of Des Moines (Iowa) 225 N. W. 344. In that case the Supreme Court of Iowa adopts the following definition:

"'Business situs,' at which intangible personalty is taxable, means situs in place other than owner's domicile, where owner, through agent or manager, is conducting business from which credits or open accounts grow and are used as part of agency's business and does not cover merely transitory presence in state for merely temporary or isolated transactions, nor mere presence for safekeeping or collection by agent or attorney."

It is apparent that the facts in that case do not show that the book accounts of the

Illinois Corporation had a business situs in Iowa.

In Tax Commission et al. v. Kelly-Springfield Tire Co. (Ohio App.) 175 N. E. 700, the court held that book accounts of the New York corporation had not acquired a business situs in Ohio, prominence being given to the facts, among others, that although the goods were sold through the Cleveland, Ohio, branch of the corporation, all book-keeping records were handled in New York, no books or accounts were kept at the Cleveland branch, all invoices carried notice that they were payable at the New York office. Some of the payments were made to the Cleveland branch, but in such instance the payments, if in check form, were transmitted intact to the New York office, and if in cash, the cash was immediately transmitted to the New York office. The conclusion there is not without justification on the facts, but that case is distinguished from the case at bar upon the facts. In that case the Ohio court adopts this definition:

" 'Business situs' has been defined as arising where possession and control of property right has been localized in some independent business or investment away from owner's domicile, so that its substantial use and value primarily attach to and become an asset of the outside business."

That statement in exact substance was approved by this court in Grieves v. State ex rel. County Attorney, supra.

Within the definition and rules of all these authorities, the accounts receivable of the defendant, Atlantic Oil Producing Company, had a business situs in Oklahoma, by reason of the facts and circumstances presented by the record.

In Bristol v. Washington County, 177 U. S. 133, 44 L. Ed. 701, the Supreme Court of the United States recognized the rule, that as to a credit, the creditor may so handle it as to give it a business situs in another state, so as to subject it to taxation there; and upheld the right of the state of Minnesota to tax credits of an owner in New York, as being justified under the business situs rule, shown to apply by reason of the circumstances of the case.

See, also, Metropolitan Life Insurance Company of New York v. City of New Orleans, 205 U. S. 395, and State Board of Assessors v. Comptoir National D'Escompte, 191 U. S. 388, 48 L. Ed. 232.

In Commonwealth v. R. G. Dun & Co.

(Ky.) 102 S. W. 859, it was held upon the facts of the case that bills receivable are taxable in Kentucky, though owned in New York.

In State v. Pittsburgh Plate Glass Co., 147 Minn. 339, 180 N. W. 108, it was held that accounts of a Pennsylvania corporation, with a branch office in Minnesota, which accounts originated and were created by the corporate business carried on in Minnesota, that the bills and accounts receivable had acquired a situs in Minnesota, and were taxable there. Conclusions similar in principle were reached in Re Petition of Standard Oil Co. (Minn.) 179 N. W. 482; Marshall Hardware Co. v. Multnomah County, 58 Ore. 469, 115 P. 150, and Armour Packing Co. v. Clark, 124 Ga. 369, 52 S. E. 145; People ex rel. Burke v. Wells, 184 N. Y. 275, 77 N. E. 19; Liverpool, etc., Ins. Co. v. Orleans Assessors, 221 U. S. 346, 55 L. Ed. 762.

In Crane Company v. City Council of Des Moines (Iowa) 225 N. W. 344, it was held that book accounts owned by an Illinois corporation had a business situs in Iowa, having been created by and through the Des Moines branch office of the corporation.

In Armour Packing Company v. Mayor, etc., of City of Savannah et al. (Ga.) 41 S. E. 237, the Supreme Court of Georgia held that cash on hand and accounts receivable in Savannah were taxable there, though subject to report and account to their New York office, and then to the home office of the New Jersey corporation. In the body of that opinion it was held:

"It seems, therefore, that this case falls within the rule that, for the purpose of taxation, personal property of nonresident owners used by them in their business in this state and received by them in carrying on their business in this state is subject to taxation by the authorities of this state."

This case was later followed in Armour Packing Co. v. City Council of Augusta (Ga.) 45 S. E. 424, and in Armour Packing Company v. Clark (Ga.) 52 S. E. 145.

It is not true in every case that intangible property may be taxed in a state other than the domicile of the owner. In many cases intangible property may not be taxed in any other state than that of the domicile of the owner. Many cases presented to appellate courts are based upon facts which do not show that the intangible property had acquired a business situs in a state other than that in which the owner was domiciled.

Several such cases are cited by the defendant here; among them being the case of Beidler v. South Carolina Tax Com., 282 U. S. 1, 75 L. Ed. 131. That case involves the inheritance tax law, and there it was held that a debt due a resident of Illinois had not acquired a business situs in South Carolina so as to subject it to taxation there. Likewise in the case of Westinghouse Electric & Manufacturing Co. v. Los Angeles County, 188 Cal. 491, 205 P. 1076, it was held on the facts that mere debts owed by California residents to a Pennsylvania corporation for merchandise sold had not acquired a business situs in the state of California so as to subject them to taxation there.

Other cases cited by defendant are based upon similar conclusions as to the applicable facts. Those decisions would be in point here only if the charges and accounts receivable owned by the defendant, Atlantic Oil Producing Company, had not acquired a business situs in Oklahoma. But in view of the showing and fact that these charges and accounts receivable have acquired a business situs in Oklahoma, those decisions are not applicable. Those decisions recognize the existence of what we might denominate the "business situs" rule as justifying and permitting, in proper cases, the taxation of corporate intangibles, and accounts receivable, in states other than the home state of the corporation, where justified by the facts and circumstances, as having there acquired a business situs.

From our review of the many authorities cited, we find the great weight of authority in harmony with the general rules quoted heretofore from Corpus Juris and Cooley on Taxation, and there is general harmony in the authorities in the application of these rules to the facts peculiar to the many cases considered by the courts. It is generally true that the mere transitory presence of intangibles in a state foreign to their ownership or temporary presence there or location there on isolated transaction is not sufficient in fact to establish a business situs. There must be something like a general or more or less continuous course of business or series of transactions within the state, as distinguished from mere sporadic and isolated transactions. The mere presence for safekeeping may not amount to the establishment of a business situs, neither the mere sending of an item to an agent or attorney for collection. However, in the case at bar the defendant, Atlantic Oil Producing Company, was engaged regularly in the oil business in Oklahoma, through its office at Tulsa. That was an extensive office management, and extensive business in Oklahoma was engaged in through that office. These charges or accounts receivable arose through the conduct of plaintiff's business in Oklahoma through that office; these accounts originated there and were there recorded and handled in all respects as to the creation and handling of the accounts as if the corporation engaged in business at that place and at that office alone. It seems beyond question that these charges or accounts receivable had at all times a business situs in Oklahoma. It is true that when the accounts were created, detailed information thereof was forwarded to the Dallas office, and after the accounts had been closed by collection thereof, the Tulsa office accounted to the Dallas office, but it does not appear that this handling could control as to the business situs. We find no authority to the direct contrary.

It seems beyond question that the property here involved is of that character as is subject to taxation and to return and report for assessment under the provisions of our statute, Section 9583, C. O. S. 1921 (12333, O. S. 1931); section 9582, C. O. S. 1921 (12331, O. S. 1931); section 9599, C. O. S. 1921 (12589, O. S. 1931); section 9606, C. O. S. 1921.

The trial court was in error in sustaining demurrer of the defendant to plaintiff's evidence. That demurrer should have been overruled; the trial court should have heard further testimony, if any were offered, should have held the property involved to be subject to assessments for ad valorem taxation at its fair value, should have determined that value and caused proper assessment to be made of said property at such value for each of the years involved.

The judgment of the lower court is reversed, and the cause remanded, with directions to grant a new trial and to proceed to final disposition of the matter consistent with the views herein expressed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. BUSBY, J., dissents.

BUSBY, J. (dissenting).

I do not believe the fact situation involved herein justifies the application of the rules of law laid down. Nor do I believe the intangible personal property held to be taxable in this case acquired a business situs in Oklahoma for the purpose of taxation.